# Goley *v.* The State.

*Indictment for Murder.*

1. *When case is properly triable.*—The statutory provision requiring the criminal docket to be taken up on the second Monday of the term, when the term continues two weeks (Code, § 751), was intended to expedite speedy trials of criminal cases, and does not deny to the court the right to proceed with the trial of a criminal case before that time; and the further provision requiring the clerk of the court to set the trial of criminal cases for particular days, "except capital cases," and declaring that "no case so set shall be called for trial before such day" (*Ib.* § 4447), does not apply to a capital case improperly set for trial by the clerk.

[Goley v. The State.]

2. *Admissibility of declarations, as part of res gestæ.*—This court can not revise the ruling of the trial court in refusing to admit the defendant's declarations as evidence, as a part of the *res gestæ*, when the declarations are not set out, and it is not shown that they related to the act charged, or threw light on it, or tended to elucidate it, or would have been beneficial to the defendant, or were in any way material.

3. *Same.*—The offer of the defendant to lift up the deceased, made two or three minutes after the shooting, is not admissible evidence as a part of the *res gestæ*, not being shown to have been made so immediately after the act as to authorize the presumption that it was part of the main fact, and not an afterthought intended to give a false coloring to it.

4. *General exception to refusal of several charges.*—An exception expressed in these words, "The defendant asked the court to give the following charges, each of which the court refused to give, whereupon the defendant duly and legally excepted," is a general exception, and can not avail if any one of the charges was properly refused.

5. *Charge as to adequate motive.*—A charge asked, assuming that the prosecution has failed to prove an "adequate motive" for the crime, is properly refused, when there is any evidence of motive, however weak and inconclusive; and if the bill of exceptions does not purport to set out all the evidence, this court would presume, if necessary, that there was other evidence of motive.

FROM the Circuit Court of Conecuh.

Tried before the Hon. JOHN P. HUBBARD.

The defendant in this case, Ed. Goley, was indicted for the murder of William Luckey, by shooting him with a gun, and on the first trial was convicted of murder in the second degree, and sentenced to the penitentiary for ten years; but the judgment was reversed by this court, on a former day of the present term, and the cause remanded.—85 Ala. 333. On a second trial, as shown by the present record, he was again convicted of murder in the second degree, and sentenced to the penitentiary for fifteen years. The bill of exceptions does not purport to set out all the evidence that was introduced, but, after stating that each of several named witnesses "testified substantially as follows," adds, "Here the testimony ended." It appeared that, on the evening of the killing, the defendant, the deceased, and one Chester, all freedmen, went into the woods to hunt squirrels, and came out of the woods, into the road, after sunset, when it was getting dusk; that they met two girls in the road, with whom they walked some distance, and when the girls turned off the defendant was walking some distance in front of the deceased; that the deceased asked him to wait for him, and as he came up the defendant rose from the ground, on which he was sitting or lying, and discharged his gun, shooting the deceased in the breast, and inflicting wounds from which he died. The defendant testified, in his own behalf, that the killing

[Goley v. The State.]

was accidental—that his finger touched the trigger of his gun accidentally as he rose from the ground; and he proved the dying declarations of the deceased, "I don't know why he shot me." Chester testified, on the part of the prosecution, that when he turned around, on hearing the report of the gun, the defendant seemed to have the gun at his shoulder. Several witnesses testified that friendly relations existed between the parties; but one Oliver testified, that about two months before the killing, while they were working with him on a building, "they got to fussing and cursing one another," and he heard defendant say, "I've got your company, nigger, and I'll get you yet." The defendant requested the following (with other) charges in writing, and excepted to their refusal: (3.) "In determining whether or not the defendant intended to take the life of the deceased, the jury may take into consideration the fact that the State has failed to prove any adequate motive or intent on the part of the defendant." (4.) "While the jury are authorized to presume malice from the use of a deadly weapon, still such presumption can not be indulged when the State fails to prove any adequate motive." Other exceptions were reserved by the defendant during the trial, which, under the decision of this court, require no special notice; and an exception was also reserved to the action of the court in proceeding with the trial of the case before the day for which it had been set by the clerk.

JAS. F. JONES, for appellant.—The court erred in proceeding with the trial of the case, against the objection of the defendant, in advance of the day for which it was regularly set for trial.—Code, §§ 751, 4447. The court erred, also, in excluding as evidence the declarations of the defendant, which were a part of the *res gestæ.—Allen v. State*, 60 Ala. 19; *Blount v. State*, 49 Ala. 381; *Wesley v. State*, 52 Ala. 182; *Smith v. State*, 52 Ala. 407; *Gandy v. Humphreys*, 35 Ala. 617.

W. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—Section 751 of the Code must be construed with reference to the constitutional and legislative policy of the State to secure to defendants a speedy trial, and to mean that the criminal dockets shall be taken up on the second Monday of the term to the exclusion of civil

business, but not to deny the court the right to proceed with the trial of criminal cases before that time. To hold otherwise would be, in many instances, to enforce idleness on the Circuit Courts during a part of their terms, and to impede and delay the administration of justice,—a result diametrically opposed to the spirit and purpose of the statute. Defendant's objection to being put on trial during the first week of the term is untenable.

Section 4447 of the Code makes it "the duty of the clerk of the Circuit or City Court to set for trial all criminal cases in his court, except capital cases and cases of parties in custody, for particular days;" and provides that "no case so set shall be called for trial before such day." This case was set for a particular day of the second week of the term. On Wednesday of the first week, the defendant being in court and not objecting, the case was called, and the plea of former acquittal of murder in the first degree, by reason of a conviction of murder in the second degree, which had been reversed by this court, was interposed, confessed by the solicitor, proved by the records of the court, and adjudged good. Until this action was taken, the case of the defendant was a capital one, and expressly excepted from the operation of the statute quoted above. The action of the clerk, therefore, in setting the case was a nullity, and there was no error in the order of the court setting another and an earlier day for the trial, or in proceeding with the trial on the day so set.

Several exceptions are reserved to the refusal of the court below to allow declarations of the defendant, made just after the fatal shot, to be given in evidence, as a part of the *res gestœ*. It is not shown in this record what these declarations were—whether they related to the act charged, or threw light on it, or tended to elucidate it, or would have been beneficial to the defendant, or were in any way material to the inquiry. Under these circumstances, it is impossible for this court to affirm that the action of the Circuit Court in this regard was erroneous.—*Roberts v. State*, 68 Ala. 524; *Stewart v. State*, 63 Ala. 199; *Burns v. State*, 47 Ala. 370; *Tolbert v. State*, at present term.

Only one declaration or statement of the defendant is at all indicated in the bill of exceptions. This consisted of an offer on his part, made two or three minutes after the shooting, "to lift deceased up." Even conceding the relevancy of this remark, it is not shown to have been made so imme-

[Dick v. The State.]

diately after the act as to authorize the presumption that it arose from, and was part of the main fact, but, on the contrary, might be a part of a course of conduct determined on after the act, and intended to give a false coloring to it. *Garrett v. State*, 76 Ala. 21.

The bill of exceptions states, that "the defendant asked the court to give the following charges, which were in writing, and numbered one, three and four, each of which charges the court refused to give; whereupon the defendant then and there duly and legally excepted." This is a general exception, and the ruling of the court will be upheld, if any one of the charges was erroneous.—*McGehee v. State*, 52 Ala. 224; *Black v. Pratt Coal & Coke Co.*, 85 Ala. 511, and cases there cited.

Without deciding that either of these charges was a correct statement of law, it is patent that the third and fourth were bad, in that they assumed that the State had failed to prove an "adequate motive" for the crime; and if given, they would have withdrawn from the jury the evidence on that subject, which, though weak and inconclusive it may have been, they had a right to consider.—*Commander v. State*, 60 Ala. 1; *McAdory v. State*, 62 Ala. 154; *Marler v. State*, 67 Ala. 55. The bill of exceptions not purporting to set out all the evidence, the presumption will be indulged here, if necessary to sustain the refusal of these charges, that there was other testimony than that shown in the record going to prove motive for the crime.

The judgment of the Circuit Court is affirmed.