State vs. Gelpi.

## No. 11,886.

### STATE OF LOUISIANA VS. PAUL GELPI.

The statute requires that stores, shops, groceries, saloons be closed on Sundays. This includes defendant's corporation.

*Bona fide* social clubs are under the terms of the acts of incorporation, properly private and not exposed to the intrusion of any one.

If there is as an incident a place set aside, selected for social enjoyment and refreshments, as in the case here, it comes within the prohibition. Social clubs, such as defendant's, are places of enjoyment, pleasure and improvement. The statute excepts places of amusement with a *proviso*, which excludes the defendant club from the benefit of the exception.

APPEAL from the Criminal District Court for the Parish of Orleans. *Moise, J.*

*M. J. Cunningham*, Attorney General; *Charles A. Butler*, District Attorney, and *John J. Finney*, Assistant Attorney, for Plaintiff, Appellee.

*Joshua G. Baker* for Defendant, Appellant

Argued and submitted November 9, 1895.
Opinion handed down February 24, 1896.

The opinion of the court was delivered by

BREAUX, J. The defendant was charged with violating the statute requiring stores, saloons and all places of public business to be closed, and forbidding the proprietors of these places and their employees from making any sales on Sundays. He avers that an incorporated social club is not a "place of public business;" that furnishing liquors and refreshments exclusively to the members at graduated scale of prices, without view to profit, is not the occupation or employment the law intended to prohibit as a measure to secure to employers and employees a day of rest and amusement.

The facts, as shown on the hearing of the demurrer, are that the corporation was established for the improvement of the members, and for social enjoyment and pleasure.

There is a place within the precincts of the club where liquors are distributed to the members only, and it is in evidence that on a

Sunday of a date given drinks were sold to members. The treasurer of the club testifies that the revenues of the club are all derived from the dues paid by the members and from the sale of liquors to them. That these revenues are applied to the payment of the expenses of the club, and that the sales are not made with a view to profit.

The demurrer was overruled, and the case was tried.

From the verdict and sentence condemning him to pay three hundred and one dollars (being the second conviction for a similar alleged offence) the defendant appeals.

It is not argued at the bar, on the part of the State, nor do the facts show that the defendant club attempted to escape from the effect of the law commonly known as the Sunday law.

We infer that the defence is a common defence, and that the clubs, similar to the defendant, in good faith seek to obtain an authoritative interpretation of the statute, and a construction that will be accepted as determinative of the points presented.

In the first case, State *ex rel.* Walker & Merz vs. Judge, 39 An. 132, 141, this court held that the compulsory duty of rest in each week is a legitimate exercise of the police power, and from that point of view the court sustained the constitutionality of the law upon the subject.

In the second, State vs. Fernandez, 39 An. 359, it was held that the keeper of a grocery store in a public market was not exempt, under the exemption clause of the law.

In the third, State vs. Boston and Pickwick Club, 45 An. 585, the question related to the imposition of license, and this court held that licenses were due by the clubs, although they did not follow a business and were not public, and were secure from intrusion.

We do not discover that the decision here will necessitate overruling any of these decisions. We adhere to the principles they announce.

We experience no difficulty in reaching the conclusion that the defendant club is not a public place. The evidence shows that none but memb.rs are admitted. The public have no right there.

But this conclusion does not dispose of the case. There remains a question both difficult and perplexing.

Within the precincts of the club there is a saloon in which liquors. are sold to the members and business is carried on on Sundays the.

State vs. Gelpi.

same as on week days. As we understand, it is a bar, save that it is not open to the public. There is a barkeeper. He accounts to the treasurer for the receipts of the sales and they form part of the general revenues of the club. To this point there is no great difficulty in interpreting the nature of this business. But it is urged at the bar that the statute was not intended to apply to places not of public business and not conducted with a view to profit.

We eliminate from further consideration all questions regarding the privacy of the club and take up the second ground of the defence—that is that the club did not intend to realize profits from the sales. In so far as relates to the sales, profit is not essential to their validity. Many sales are made at a loss. Although these transactions had every element of sales, it is urged on the part of the defendant that the non-profit feature takes them out of the category of business and removes them from the prohibitive provisions of the statute.

From the Am. and Eng. Ency., we quote: "The question whether it is a business carried on for the purpose of profit or not is not, in my opinion, material. Even if it is not strictly a business, it is, at all events, ' in the nature' of a business. But I am distinctly of the opinion that this is business within the terms and meaning of the covenant." Vol. 2, p. 740, note.

Here there is a saloon in which articles of property are sold.

The law reads in substance, that licensed stores, shops and saloons shall close on Sunday. While there is no profit made the club finds its advantage in these sales. They contribute toward paying expenses. They are sales contributing to legitimate advantage, prosperity and welfare, and therefore not entirely without profit, although limited, in good faith, as stated at the bar.

Under the Constitution there can be no special privileges. If others are enjoined, however much they may choose to select their customers, and despite their declaration that they are not realizing any profit, the defendant also is enjoined.

Persons include corporations; a declaration of the former that no profit was contemplated in their business from the gross revenues of sales, only the payment of expenses, would not have the exempting effect claimed for the defendant corporation.

Considering the statute as a whole it is not possible to conclude that the merchant who sells goods, and, by reference to his books,

shows that he gets no profits, barely subsists, and declares in the utmost good faith that he expects no net profits, is exempt from the intendment of the statute.

The construction favorable to such a position would result in the absolute defeat of the statute. ·

This construction would cause the statute to perish.

The rule is *ut res magis valeat.*

If the law admits of two interpretations, "that is to be adopted which is agreeable to the fundamental or primary law."

If the enactment of a statute was ill-advised, or if because of hasty legislation it should be remodeled or amended, these must be left to the legislative department, and not to judicial interpretation or construction.

We have endeavored to deal with the questions strictly as judicial questions. With us it must be a matter of interpretation, and, if needful of construction of the statute, other considerations may influence other branches of the government.

"The courts have no other duty to perform than to execute the legislative will, without regard to their own views as to the wisdom or justice of particular enactment." Sedgwick on Construction of Statutes, 2d Ed., p. 325.

It is therefore ordered, adjudged and decreed that the judgment is affirmed.

MR. JUSTICE MILLER dissents.