# Alston v. The State.

*Prosecution for Assault and Battery.*

1. *Plea of former jeopardy; insufficiency of.*—The trial of a defendant on a criminal charge not having been concluded on the day on which it began, the court was adjourned to an hour named on the following morning. When the court convened on the following morning pursuant to adjournment, the defendant was not present to answer the charge, and the case was withdrawn from the jury, the jury discharged, and the cause continued. The defendant having been subsequently arrested, and brought before the court for trial, he entered a plea of former jeopardy, setting up the facts above stated, with the additional fact that he was detained in consequence of bad roads, and that he arrived in court a short time after the jury had been discharged. *Held*, on demurrer, that the plea was without merit.

2. *Criminating question.*—A question so framed that a responsive answer *prima facie* tends to criminate the witness is objectionable, and need not be answered.

3. *Single exception to a charge as a whole, or to parts of a charge; when unavailing.*—Where there is a single exception to a charge as a whole, or to parts of the charge, and any part to which the exception applies is good, the exception is unavailable.

4. *General exception to refusal of several charges.*—Where a general exception was reserved to the refusal of several charges requested, the exception cannot avail if any one of the charges was properly refused.

5. *Sufficiency of exception to several charges given.*—An exception expressed in these words, "The court, at the request of the Solicitor, gave the following written charges, numbered from one to eight, inclusive, to the giving of each and every one of which the defendant duly excepted," is sufficient to entitle the defendant to a consideration of the charges separately.

6. *Battery; constituents of offense; improper charge.*—The "least touching of another willfully" does not constitute a battery, and a charge to that effect should be refused.

7. *Accomplices; liability of.*—Parties are responsible as accom-

plices for consequent acts growing out of a general design, but not for independent acts growing out of the particular malice of individuals.

APPEAL from the County Court of Shelby.

Tried before the Hon. JOHN S. LEEPER.

The plea of former jeopardy, described in the opinion, was demurred to on the following grounds: (1.) "Said plea fails to negative the existence of any necessity for such withdrawal as the law authorizes to sustain such plea. (2.) The said plea shows that the defendant absented himself from the court, and that in consequence thereof the cause was withdrawn from the jury." The court sustained this demurrer. On the trial, the defendant introduced evidence tending to show that he, with others, arrested Charles Weeks, and turned him over to the constable, and that in making the arrest he did not use more force than was necessary, and that he did not assault him with a gun. The other facts are sufficiently stated in the opinion. Among the written charges which were given by the court to the jury at the request of the Solicitor were the following: (6.) "If the jury believe from the evidence, beyond all reasonable doubt, that there was an attempt to assault and beat Charlie Weeks, and that the defendant aided or abetted in it, then, if they further believe from the evidence that in the attempt, if there was such attempt, to assault and beat Charlie Weeks, some one struck him with a gun, then the defendant is guilty, although he might not have struck the blow." (7.) "The court instructs the jury that the least touching of another person, willfully or in anger, is a battery; that every man's person is sacred." It is unnecessary to set out the several charges requested by the defendant. The defendant was convicted, and appeals.

BROWNE & LEEPER, for appellant.

WM. C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was arrested and brought before the county court to answer the charge of assault and battery upon Charles Weeks with a gun. The trial not having been concluded on the day on which

it began, the court was adjourned to an hour named on the following morning. When court convened pursuant to adjournment, the defendant did not appear, and was not present to answer the charge. The case was withdrawn from the jury and the jury discharged, and the cause continued. Having been subsequently arrested, and brought before the court for trial, he entered a plea of former jeopardy. The plea set up the facts substantially as stated, with the additional fact that he was detained in consequence of bad roads, and that he arrived at court a short time after the jury had been discharged. The plea does not contain sufficient merit to justify further consideration than to say that the court properly sustained the demurrer to it.

Issue was joined upon the plea of not guilty. The prosecution introduced evidence tending to show that the defendant was guilty as charged. The defendant's defense was placed upon the grounds that he acted in self-defense, and that as a private person he was justified in arresting Charles Weeks for shooting one Dean Edwards, and that he used no more force than was justifiable in order to make the arrest. The State examined Charles Weeks as a witness, and on cross-examination the defendant asked him if he did not shoot Dean Edwards. The witness declined to answer the question. The defendant insisted that he should answer the question, or state to the court that his answer would tend to criminate him. The court refused to compel the witness to make the statement or answer the question, to which an exception was reserved. The court ruled properly. If the witness had answered negatively, the answer, *prima facie*, would have been irrelevant and immaterial. If he had answered affirmatively, the answer would have criminated the witness. A question so framed that a responsive answer *prima facie* tends to criminate the witness is objectionable, and need not be answered.—*Ex parte Boscowitz*, 84 Ala. 463 ; *Burger v. The State*, 83 Ala. 36.

At the conclusion of the evidence the court gave a written charge to the jury, having been previously required to do so by the defendant, under the statute. The exception reserved to the charge of the court is in the following larguage : "The defendant excepted to these parts of the written charge which are as follows." Here follows certain parts of the charge. The bill of excep-

tions does not show that separate exceptions were reserved to different parts of the charge, but that a single exception was reserved to ''those parts which are as follows.'' The rule is well settled that where there is a single exception to a charge as a whole, or to parts, and any part to which the exception applies is good, the exception is unavailable. The bill of exceptions states that ''The court at the request of the solicitor gave the following written charges, numbered from one to eight, inclusive, to the giving of each and every one of which the defendant duly excepted.'' The record then states that the defendant requested the court to give the following written charges from one to seven inclusive, to-wit,'' &c. ''The court refused to give each and every one of the above charges, and the defendant duly excepted.'' Where the exception is general, the rule is, that if either one of the charges given was properly given, the exception is unavailable, and the same rule applies as to charges refused.—*Goley v. The State*, 87 Ala.; *Stitt v. The State*, 91 Ala. 10; *Ib.* Ala. 76; *Welsh v. The State*, 97 Ala. 1; *Horn v. The State*, 98 Ala. 23; *Jones v. The State*, 96 Ala. 103; *Farley v. The State*, 72 Ala. 170; *Dickey v. The State*, 68 Ala. 508; *Williams v. The State*, 68 Ala. 551.

The appellant has not assigned errors, and has not brought himself within the provisions of the act of 1894-5, p. 126, which provides that ''an exception by the opposite party shall be presumed'' to charges given or refused, ''provided the actions and rulings of the trial court are assigned as error.'' The merit of the exceptions must be determined by principles applicable, independent of the statute. The authorities above are conclusive that the exception to the refusal of the court to charge as requested is a mere general exception, and we are not prepared to hold that all of the charges requested should have been given. The exception to the charges given, presents a different question. The principle upon which general exceptions are held unavailing is that such exceptions impose upon the trial court and this court the burden of ''sifting'' the charge or charges in search of error; whereas, it is the duty of the party excepting to point out with precision the matter complained of. Having the attention of the trial court directed to the special matter complained of as erroneous and prejudicial, the

[Alston v. The State.]

court might correct it; so also the adverse party might
waive any point insisted upon.—*Holland v. Barnes*, 53
Ala. 83; *McGhee v. The State*, 52 Ala. 224; *Hardin v. The
State*, 63 Ala. 38; *Irwin v. The State*, 50 Ala. 181; *May-
berry v. Leach*, 58 Ala. 339. The application of the prin-
ciple to different exceptions has not always been satis-
factory and clearly distinguishable, as will be seen by an
examination of the following cases: *Syndicate Ins. Co. v.
Catchings*, 104 Ala. 176, 190; *Goley v. The State*, 87 Ala. 57;
*Horn v. The State*, 98 Ala. 23. In the case of *Lehman, Durr
& Co. v. Bibb*, 55 Ala. 412, the defendant "asked the court
to give each of several charges but the court refused to give
either of said charges, and to such refusal the defendant
excepted." It was held that such an exception was suffi-
cient to bring up for consideration each of said charges sev-
erally. In *Phœnix Ins. Co. v. Moog*, 81 Ala. 335, four charges
were given to the jury at the request of the plaintiff,
and the defendant reserved an exception in the follow-
ing language: "The defendant excepted, and now ex-
cepts, to each one of these charges as given by the court
at plaintiff's request." It was held that the exception
was sufficient to require a consideration of each of the
charges given. We are not inclined to be more exacting
as to the requisites of a valid exception than required
by the decisions of this court; and, influenced by the
two latter decisions cited *supra*, we hold, contrary to our
first conclusion, that the exception in the present case
to the giving of the charges requested by the solicitor is
sufficient to entitle the defendant to a consideration of
them, seperately, and if there is error in either, to re-
verse the case. We do not consider it necessary to ex-
amine all the charges in detail. The use of the word
"or" instead of "and" in the 7th charge given, vitiated
the charge. The "least touching of another willfully"
does not constitute a battery. The touching of another
"in anger" is a battery. Bacon Abridgment, Battery.
The court erred in giving this charge.

Parties are responsible as accomplices for consequent
acts growing out of a general design, but they are not
for independent acts growing out of the particular mal-
ice of individuals. *Pierson v. The State*, 99 Ala. 148.
We quote this principle of law and authority with refer-
ence to the words "some one struck him" as used in
charge No. 6 given by the court.

[Wheeler v. The State.]

In the case of *Jackson v. The State*, 91 Ala. 55, we had occasion to consider the legal definition of an "attempt" to commit an offense.          On the same point, see Roscoe Cr. Evidence, § 302.

Rehearing granted, and the judgment is reversed, and cause remanded.