[The Manassas Club v. The City of Mobile.]

# The Manassas Club *v.* The City of Mobile.

*Prosecution for Engaging in the Business of Selling Liquors. Without License.*

1. *License to sell liquors required of clubs; what business intended to be taxed.*—Where municipal authorities, pursuant to the powers conferred on them by charter, enact that license shall be taken out by clubs and social circles where liquors are sold to members, guests and visitors, and that a fine shall be imposed for failure to do so, it has been uniformly held in this State that the business intended to be taxed by such enactments is one which is carried on for a livelihood or profit.

APPEAL from the City Court of Mobile.
Tried before the Hon. O. J. SEMMES.
The facts are stated in the opinion.

E. L. RUSSELL, for appellant, cited, *Piedmont Club v. Commonwealth*, 87 Va. 540; *Columbia Club v. McMaster*, 35 S. C. 1; *Tenn. Club of Memphis v. Dwyer*, 11 Lea. 452; 47 Am. R'p'ts 298; *Kevnig v. State*, 33 Tex. Crim. R'p'ts 36; *Barden v. Montana Club*, 10 Mont. 330; *Steim v. State*, 55 Md. 566.

B. B. BOONE, *contra*, cited *Martin v. State*, 59 Ala. 34; *Jacobi v. State*, 59 Ala. 71; *Nogales Club v. State*, 69 Miss. 218; *State v. Lockyear*, 95 N. C. 633; S. C. Am. Rep. 287; *Marmount v. State*, 48 Ind. 21; *Richards v. Peoples*, 79 Ill. 85; *State v. Horisek*, 41 Kan. 87; *Jones v. Jones*, 95 Ala. 449; *Ex parte City Council of Montgomery*, 64 Ala. 463; *City of Mobile v. Richards*, 88 Ala. 597.

SHARPE, J.—By the statute a retail liquor dealer is defined to be any person who sells or disposes of spirituous, vinous or malt liquors or intoxicating bitters in any quantity less than one quart.—Code § 4122.

36

[The Manassas Club v. The City of Mobile.]

The charter of the city of Mobile confers upon the General Council the power to enact ordinances "for the licensing and regulation of retail liquor dealers" and also provides that it shall "have the authority to assess and collect from all persons or corporations trading or carrying on any business, trade or profession by an agent or otherwise within the limits of said corporation a license tax which shall be fixed and declared each year by ordinance of said corporation;" and further that the General Council "may also by ordinance impose such fines and penalties within the limitations named in this act as they may deem advisable for the doing of any business or the carrying on of any trade or the practicing of any profession by any parties who shall fail to take out such license as may be imposed by this act."

The foregoing being the extent of the power conferred upon the municipality in respect of licensing retail liquor dealers, the corporate powers ordained "that a license tax for the fiscal year beginning on the 15th day of March, 1897, and ending on the 14th day of March, 1898, is hereby imposed and assessed on each person, firm, association or corporation trading or carrying on any business trade or profession by agent or otherwise within the limits of the city of Mobile and the same is hereby fixed for such business trade or profession as follows to-wit," and in the license schedule following appears "clubs and social circles where liquors are sold to members, guests and visitors." for failure to obtain the required license the ordinance provides for a fine of not less than five nor more than fifty dollars for each day of such failure.

The defendant was fined as for the breach of the ordinance in failing to take out a license and appealing to the city court was tried upon an agreed statement of facts. Judgment was rendered by the city court for the fine assessed from which judgment this appeal is brought.

The statement of facts shows that the defendant had obtained no license and as to the nature of the club and its manner of dealing with liquors, it recites "That the defendant corporation is a social club, and that said corporation did engage in and carry on the business of sell-

[The Manasses Club v. The City of Mobile.]

ing by retail in quantities in less than one quart, vinous, malt, and spirituous liquors to its members for valuable considerations, and at the usual retail prices prevailing at liquor saloons elsewhere in the city of Mobile.   Said sales to its members being made in the rooms of said Manassas Club within the city of Mobile by the steward or bar-keeper of said club, who was a salaried servant or agent of said club and employed by the Manassas Club to dispense said vinous, malt, and spirituous liquors to its members.

"That said sales of vinous, malt and spirituous liquors have been made by the Manassas Club in the manner above stated to its members during the entire year 1897.

"That the money derived from the sale of the vinous, malt and spirituous liquors to its members by the Manassas Club, a corporation, were re-invested by said Manassas Club in purchasing the same liquors, and that the profits derived from the sale of the liquors to its members as well as the principal money invested therein was kept separate and apart from the general funds of the club and was and is used only for the purpose of replenishing and keeping up the stock of said corporation in vinous, malt, and spirituous liquors.

"That no persons are allowed in the rooms of the building of said Manassas Club, a corporation, except its members and introduced non-resident visitors."

The ordinance in question is not a police regulation of liquor dealers or others but it includes various other occupations as to which no power is given in the charter merely to regulate.   It purports by its terms to impose a license tax for the carrying on of business and is referable for its authority to that part of the charter granting power to assess and to collect such tax from persons or corporations "trading or carrying on any business trade or profession."   We construe the ordinance as relating only to the revenues of the city.   It has been generally held and uniformly so in this State that the business intended to be taxed by such enactments is one which is carried on for a livelihood or profit, and though the number of sales and the fact as to whether they result in profit are not tests of the purpose of such business yet to be within the meaning of the law they must be with a

view of profit or of pursuing business for a livelihood.—
*McPherson v. State,* 54 Ala. 221; *Harris v. State,* 50 Ala.
127 and other cases cited in note to section 5467 of the
Code.

Applying the principle to the present case we think
the proof is insufficient to bring the defendant club
within the meaning either of the ordinance or the char-
ter power. Similar operations in social clubs have been
the subject of consideration in other courts and though
a difference of opinion appears as to whether such dis-
position of liquors constitutes sales, yet it is generally
held that lacking the purpose of profit such as might ac-
crue from dealings with many persons or with the
public, they do not within the meaning of enactments
simply requiring a license for the carrying on of busi-
ness.—*State v. Boston Club,* 12 So. Rep. (La.) 895, s. c.
*State v. Boston Club,* 45 La. Ann. 585; *Tennessee Club
of Memphis v. Dwyer,* 11 Lea, 452, 47 Am. Rep. 298;
*Piedmont Club v. Commonwealth,* 87 Va. 540; *Columbia
Club v. McMaster,* 35 S. C. 1, 28 Am. St. Rep. 826; *Bor-
den v. Montana Club,* 10 Mont. 330, 24 Am. St. Rep. 27.

It may be that a case could occur of business carried
on by "clubs and social circles where liquors are sold
to members, guests and visitors" and so within the
meaning of the ordinance and the charter, since such
business might include an extended number of members
together with guests and visitors to whom the sales
might well be made for profit. Such a case was consid-
ered in *Rickart v. People,* 79 Ill. 85, where persons be-
came members by purchasing tickets entitling them to
drinks and which the court held was a device to evade
the law.

The facts here show no disposition of liquors except
to members and even the number of persons included in
the membership is not stated. For all that appears the
membership may have been limited to the smallest num-
ber necessary to constitute a club. The burden of proof
to show a carrying on of business being upon the city
we cannot presume a larger membership.

We would not be understood as departing from the
decision in *Martin v. State,* 59 Ala. 34, where such tran-
sactions in a club were held to be sales, nor is this de-

cision authority upon any case which may arise under police regulations of liquor selling made either by statute or ordinance.

Under the rule that courts will not pass upon the constitutionality of a statute where the decision can be properly placed upon other grounds, we decline to consider the constitutionality of the club's charter provision reciting that such disposition of liquors "shall not constitute a sale thereof but shall be held and treated as a consumption by such members of their own property."

The judgment of the city court will be reversed and the judgment here rendered in favor of the defendant.