[Beauvoir Club v. The State.]

# Beauvoir Club *v.* The State.

### *Selling Liquor on Sunday.*

(Decided Jan. 24th, 1907.    42 So. Rep. 1040.)

1.  *Statutes; Subject and Title.*—The Act of Feb. 23rd, 1903 (Gen. Acts 1903, p. 64) entitled "An act to prohibit the sale of liquor on Sunday" is not violative of Section 45, because it includes provisions providing a penalty for keeping open a barroom or other places for the sale of liquor on Sunday, the same being germane to the subject.

2.  *Intoxicating Liquors; Offenses; Statutes; Constructon.*—The Act of Feb. 23rd, 1903 (General Acts 1903, p. 64) prohibits a private social club from keeping open on Sunday its club room for the sale of liquor to its members.

3.  *Constitutional Law; Manner of Raising Question.*—The Club set up by way of defense that the only disposition made by it of liquors on Sunday was to its members, and that, the confirmation of its incorporation as such club (Acts 1896-7, p. 1160) gave it the right to do so. The state interposed a demurrer to the plea averring that the said act was unconstitutional. Held, that though seemingly a general statement, the demurrer presented the constitutionality of the statute.

4.  *Statutes; Special Statutes.*—So much of the act confirming the charter of the Beauvoir Club (Acts 1896-7, p. 1160) as enables it to provide for and dispose of intoxcating liquors to its members without making the same a sale, is obnoxious to Section 23 of the Constitution of 1901 and void.

5.  *Criminal Law; Sustaining Demurrer to Special Pleas; Review.* Demurrers sustained to special pleas, which, if good, present no matter not available under the plea of not guilty, which was interposed, and on which the case was tried, is harmless error and not reviewable.

6.  *Same; General Issue; Special Pleas.*—The special plea alleging that the only disposition made by the club of intoxicating liquors on Sunday was to its members, and that it had a right to do this, sets up matter available under the plea of not guilty, and the sufficiency thereof may be tested by objections to evidence adduced in support of it.

7. *Witnesses; Privilege of Witnesses; Who Entitled to Claim.*—The privilege of a witness not to give evidence incriminating himself is personal and cannot be claimed by a party to the suit not a witness.

8. *Criminal Law; Appeal; Party Entitled to Allege Error.*—Where the witness claims the privilege not to incriminate himself, and the court holds that the witness must answer the question, and witness does so without further protest, such evidence is not illegal as to accused, notwithstanding accused objected, and accused is not entitled to review the action of the court in requiring a witness to answer.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

The Beauvoir Club was convicted of keeping open its clubroom for sale of intoxicating liquors on Sunday, and it appeals.

The indictment is set out in the opinion. Demurrers were interposed as follows: "(1) Said indictment fails to state at the time of the commission of the offense charged this defendant was a merchant or shopkeeper. (2) That so much of the act approved February 23, 1903, entitled 'An act to prohibit the sale of liquor on Sunday' (Gen. Acts 1903, p. 64), as undertakes to prohibit and punish the keeping open on Sunday a barroom or other place for the sale of spirituous, vinous, or malt liquors, is unconstitutional in this: That said prohibition is not clearly express in its title. (3) The act approved February 23, 1903, entitled 'An act to prohibit the sale of liquor on Sunday,' is unconstitutional in this: Said act contains more than one subject. (4) Said indictment charges no offense known to the law of Alabama." These demurrers being overruled, the defendant filed pleas as follows: "(1) Not guilty. (2) That the only disposition made by this defendant of spirituous, vinous, or malt liquors on Sunday was exclusively to its members, and the defendant avers it has the right to so dispose of spirituous, vinous, or malt liquors to its members on Sunday under the third section of an act of the Legislature approved February 17, 1897, entitled 'An act to confirm the incorporation of the Beauvoir Club, of Montgomery, Alabama, and to enlarge its powers and capacities' (Acts 1896-7, p. 1160), which said third sec-

tion of said act is hereby referred to and made a part hereof, and is specially pleaded as a defense to this action. (Here follows third section of act referred to.) (3) That this defendant is a private social and literary club, inaccessible to the public. (4) That the disposition by this defendant of spirituous, vinous, or malt liquors is at all times confined to its own limited membership of less than 200 members. (5) That this defendant is not engaged in the business of a liquor dealer. (6) That this defendant keeps open its clubrooms on Sunday for the social and literary uses of its members, and not for the sale of spirituous, vinous, or malt liquors." Demurrers were interposed and sustained to these pleas.

MARKS & SAYRE and RUSHTON & COLEMAN, for appellant.—The only two statutes applicable to the offense charge is section 5542 of the Code, or the act approved Feb. 23rd, 1908, "To prohibit the sale of liquors on Sunday." The indictment is fatally defective if based upon section 5542 of Code 1896.—*Sparrenberger's Case*, 53 Ala. 481; *Snider's Case*, 59 Ala. 64. The 3 and 4 grounds of demurrer to the indictment raise the question of the constitutionality of the act of 1903. 1st. The first clause creates a new misdemeanor separate and distinct from the misdemeanor created by the second clause, and predicated upon a different state of facts, and is not clearly expressed in its title, "To prohibit the sales of liquor on Sunday." 2nd. It contains more than one subject, (a) the keeping open a bar room or other place for the sale of liquors and a selling by a liquor dealer of liquors on Sunday.—*Dixon's Case*, 76 Ala. 89; *Ballentyne v. Wickersham*, 75 Ala. 541; *Miller v. Jones*, 80 Ala. 89; *Yohn v. Marritt*, 117 Ala. 485; *State v. Davis*, 130 Ala. 148.

The fifth clause of the demurrer is based upon the grounds that if constitutional, the first clause of the act of 1903 has no reference to social clubs.—*Dixon's Case, supra; Manassas Club v. Mobile*, 121 Ala. 561; *Lakeview v. Cemetery Assn.*, 70 Ill. 192; 22 A. & E. Ency. Law, 916; Tiedman Police Powers, 4, 5.

The first ground of demurrer to the second plea is a general demurrer and bad. The second, third, fourth, fifth and sixth grounds of demurrer are bad.—*Ballen-*

*tyne v. Wickersham, supra; Ingram v. Colgan,* 16 Am.
St. Rep. 228; *People v. Potter,* 47 N. Y. 397; *State v.
Boston Club,* 45 La. Ann. 585; *Tenn. Club v. Dwyer,* 47
Am. St. Rep. 298; *Piedmont Club v. Commonwealth,* 87
Va. 540; *Columbia Club v. McMaster,* 35 S. C. 1; *Borden
v. Montana Club,* 24 Am. St. Rep. 27. A general law
does not repeal a special law without a particular pro-
vision to that effect.—*Maxwell v. The State,* 89 Ala. 150;
*Houghton v. Tyson,* 38 So. Rep. 761. The validity of the
club charter is governed by the Constitution of 1875, un-
der which the Legislature was the sole judge of what
needs demanded special legislation and its discretion
could not be inquired into by the courts.—*Clark v. Jack,*
60. Ala. 271.

MASSEY WILSON, Attorney General, for State.—Indict-
ment is found under the general acts of 1903 and the
first two grounds of demurrer to the indictment are pat-
ently bad. The third and fourth grounds are also bad.—
*Borck v. The State,* 39 So. Rep. 580. The fifth ground of
demurrer is bad.—*Martin v. The State,* 59 Ala. 31;
*Jacobi v. The State,* 59 Ala. 71. The court rightly sus-
tained the demurrer to the defendant's pleas. A mere
statement of the effect of the act pleading is sufficient to
show that that part is not comprehended in its title.—
*Black v. The State,* 144 Ala. 92; *Bell v. The State,* 115
Ala. 87; *Lindsey v. Loan Association,* 120 Ala. 156. In
*Martin's Case, supra,* it was held that a disposition of
liquor by a club to its members constituted a sale. The
fourth grounds of demurrer to the plea is sustained by
the case of *Jones v. Jones,* 55 Ala. 443. The fifth ground
of demurrer was good.—6 A. & E. Ency. of Law, (2nd
Ed.) 970. The defendant could not claim the benefit of
the exemption sought as to the testimony of Jackson. It
is a personal privilege to be asserted by the witness
alone.—*Southern Ry. Co. v. Bush,* 122 Ala. 470.

DENSON, J.—The indictment is in the following
language: "The grand jury of said county charge that,
before the finding of this indictment, Beauvoir Club, a
corporation, did on Sunday unlawfully keep open a
clubroom for the sale of spirituous, vinous, or malt li-

quors, against the peace and dignity of the state of Alabama." It is founded on the act of the Legislature entitled "An act to prohibit the sale of liquor on Sunday," approved February 23, 1903 (Pamph. Acts 1903, p. 64). The defendant demurred to the indictment on the ground, among others, that "so much of said act as undertakes to penalize the keeping open of a barroom or other place for the sale of liquors on Sunday is violative of the Constitution, in that the same is not clearly expressed in the title of the act." In respect to this act we said in a former case: "The title of the act is in a sense general and contains but one subject, 'To prohibit the sale of liquor on Sunday.' This is clearly expressed. Everything contained in the several sections is directed to the subject of the law as expressed in the title, and we think plainly and unquestionably germane and referable to the subject. Whenever this is the case, the act cannot be said to be offensive to section 45, art. 4, of the Constitution."—*Borck's Case*, (Ala.) 39 South. 580; *State v. Bott*, 31 La. Ann. 663, 33 Am. Rep. 224. So it seems that this contention of the defendant is concluded by *Borck's Case*. Being satisfied with that decision, and in adherence to it, we hold that the trial court properly overruled the third and fourth grounds of the demurrer.

But it is insisted that, even though the first clause of the act, the one on which the indictment is based, is a valid enactment, yet it has no reference to private social clubs, and therefore the indictment charges no offense. The argument by the defendant in support of the insistence is that the act is a police regulation; that such regulations are made with reference to the conduct of individuals in its bearing on the public; that to promote the public welfare is the sole justification for the curtailment of personal liberties and the regulation of individual acts; that the place is kept open, not for the benefit of the public, but of the members of the club; that, if sales of liquor are made on Sunday by the club to its members in its rooms, this is not an act or acts which affect the public welfare—there is no point of contact with the public—and, therefore, not within the legitimate exercise of the police power. There can be no doubt

that the legislation in question must be referred to the police power of the Legislature. Whatever differences of opinion may exist as to the extent and boundaries of this power, and however difficult it may be to render a satisfactory definition of it, there seems no doubt that it does extend to the protection of the lives, health, and property of citizens, and the preservation of good order and the public morals. These objects belong emphatically to that class which demand the application of the maxim, "*salus populi suprema lex*," and they are to be attained and provided for by such appropriate means as the Legislature may devise; and while the determination of the Legislature as to what is a proper exercise of its police powers in relation to such objects is not final or conclusive, but is subject to the supervision of the courts, yet the traffic in intoxicating liquors is universally recognized as a proper subject for police regulation, and may be controlled, restricted, or even totally prohibited, without violating any constitutional right.—*Bartemeyer v. Iowa*, 18 Wall. 129, 21 L. Ed. 929; *Mugler v. Kansas*, 123 U. S. 623, 8 Sup. Ct. 273, 31 L. Ed. 205; 23 Cyc. p. 65, and cases in notes 64, 65, and 66.

So far as the demurrer to the indictment is concerned, this court is committed to the doctrine that a transaction whereby an incorporated social club sells intoxicating liquors to one of its members is a sale technically and within the meaning of a statute prohibiting the sale of vinous, spirituous, or malt liquors without a license.— *Martin's Case*, 59 Ala. 34; *Manassas' Case*, 121 Ala. 561, 25 South. 628. The evil intended to be corrected by the act in question is the keeping open on the Sabbath day of barrooms or other places where liquors are furnished and drunk, and it can make no difference whether few or many persons can obtain admission and buy or obtain the liquors in the club, or whether other people may or not see them buy the liquor, or for what other purpose the place is being operated, if the fact remains, as it does (on the demurrer), that intoxicating liquors are sold on the Sabbath day.—*State v. Gelpi*, 48 La. Ann. 520, 19 South. 468; *Mohrman's Case*, (Ga.) 32 S. E. 143, 43 L. R. A. 398, 70 Am. St. Rep. 74. It is also settled law that it is within the legitimate exercise of the police

power for the Legislature to enact laws on the subject of abstaining from worldly employments on Sunday, and especially to prohibit the sale of vinous, spirituous, or malt liquors on Sunday, and keeping open places where such liquors are sold   Whether the sale is engaged in as a livelihood or profit, or whether sales are made publicly or private, or not at all, is of no consequence, if the places are kept open for such sales.—*Frolickstein's Case*, 40 Ala. 725; *Dixon's Case,* 76 Ala. 89; *Wadsworth v. Dunnam,* 117 Ala. 661, 23 South. 699; *Manassas' Case,* 121 Ala. 561, 25 South. 628; *Jebeles' Case,* 131 Ala. 41, 31 South. 377; *Martin's Case,* 59 Ala. 34; *State v. Bott,* 31 La. Ann. 663, 33 Am. Rep. 224; *State v. Common Pleas,* (N. J.) 13 Am. Rep. 422; *State v. Gelpi,* 48 La. Ann. 520, 19 South. 468; *Mohrman's Case,* (Ga.) 32 S. E. 143, 43 L. R. A. 398, 70 Am. St. Rep. 74; *State v. Ambs,* 20 Mo. 215; *Palmer's Case,* 2 Or. 66.   In the light of the past and current events we encounter no difficulty in reaching the conclusion that keeping open a place for the sale of vinous, spirituous, or malt liquors on the Sabbath (or any other day) is hurtful to the comfort and welfare of society, and as a matter of consequence that the Legislature, in enacting the law in question, was well within the legitimate exercise of the police power, and the fifth ground of the demurrer was properly overruled.   We remark that it may be that we should have treated the fifth ground as a "speaking demurrer," as nothing appears on the face of the indictment to show that Beauvoir Club is any more than an ordinary private corporation.

We deem it unnecessary to announce a conclusion in respect to, or even to give consideration to, the suggestion by appellant's counsel that its clubrooms are not within the meaning of the term "barroom."   See *Mohrman's Case, supra;* also Jackson's evidence in the instance case.   The first and second grounds of the demurrer to the indictment are so manifestly without merit as to require no further consideration.

The defendant sought to defend against the indictment under the third section of an act of the Legislature approved February 17, 1897, entitled "An act to confirm the incorporation of the Beauvoir Club of Montgomery,

Alabama, and to enlarge the powers and capacities of said club."—Acts 1896-97, p. 1160. The club was incorporated under the general statutes of the state, and by the third section of the confirmatory act, above referred to, amongst the additional powers conferred is the following: "To provide for and dispose of, to its members, cigars, cigarettes, tobacco, spirituous, vinous and malt liquors and such disposition shall not constitute a sale thereof, but shall be held and treated as a consumption by such members of their property." The act is assailed by the state on constitutional grounds. The trial court held that it is obnoxious to the Constitution. Several grounds of objection to the act are specifically pointed out by the demurrer to the plea setting up the act as a defense, but the first ground of the demurrer is in this language: "That the provisions of the charter of the defendant are unconstitutional and void." Though seemingly a general statement, this has been held by this court a permissible way of presenting the constitutionality of a statute, and, if it be found that the statute clearly contravenes any provision of the organic law, under such an objection the ruling of the trial court should be sustained.—*Montgomery v. Birdsong,* 126 Ala. 632, 28 South. 522; *Shell Road v. O'Donnell,* 87 Ala. 376, 6 South. 119.

It is quite apparent that the provision in section 3 of the confirmatory act, to the effect that the disposal of vinous, spirituous, and malt liquors by the club to its members shall not constitute a sale, was injected into the act to avoid the effect of the decision made by this court in 1877 in the case of *Martin v. State,* 59 Ala. 34, wherein the court, speaking through Stone, J., held that furnishing said liquors to its members by a social club (corporation) for a price paid by the member constituted a sale of such liquors. This decision has never been overruled, and remains the general law of the state applicable to such disposal of liquors by clubs. There is no general statute declaring that such disposal of liquors by social clubs shall not constitute a sale, and a social club organized to-day under the incorporation laws of the state would not be exempt from the law as declared in *Martin's Case,* nor is any other club that

has been heretofore organized without such special provision exempt from it. In the *Martin Case* it appeared that Martin, in disposing of the liquor, was acting as agent of the Standard Club, a club incorporated in the city of Montgomery for literary and social purposes, so that, if the provision in the defendant's charter is valid, we have two clubs organized for the same purposes, of like kind, and in the same city; but the one operating under a charter obtained under the general laws, if it disposes of liquors belonging to the club for a price paid, makes a sale, while the other, though doing identically what its neighbor in the same locality does, only puts it in the power of the member of the club to "consume his own property," and is not amenable to the laws as declared in *Martin's Case.* The first one, under the law under which the defendant is indicted, would be guilty of a criminal offense, while the other would not, though the acts committed are identical. Those who make the laws "are to govern by promulgated, established laws, not to be varied in particular cases, but to have one rule for rich and poor, for the favorite at court and the countryman at plough."—Locke on Civil Government, § 142. "This is a maxim in constitutional law, and by it we may test the authority and binding force of legislative enactments."—Cooley's Const. Lim. (2d Ed.) 391.

Section 23 of article 4 of the Constitution of 1875 provided that the operation of no general law shall be suspended by the General Assembly for the benefit of any individual, corporation, or association. It may be that, even under that section, it was within legislative competency to prescribe that the disposal of vinous, spirituous, or malt liquors by incorporated social clubs to their members for a price paid should not constitute a sale (a question we do not decide). To be valid, however, such a law should be general in its operation, at least to the class or locality to which it applies; for "an act which should select a person or corporation and grant unto him or it immunity from the provisions or operation of a general law, or subject him or it to peculiar rules, or impose special obligations or burdens from which others in the locality or class are exempt, would be unconstitutional. The Legislature may suspend the

operation of the general laws of the state; but, when it does so, the suspension must be general, and cannot be made for individual cases."—Cooley's Con. Lim. (2d Ed.) *390. Special privileges are always obnoxious, and as a rule of construction are always to be leaned against as probably not contemplated or designed. It is obvious that a special privilege is conferred on the defendant by its charter. No club in the same category with defendant, with respect to the purpose of its organization, can dispose of liquors without being amenable to the law as declared in *Martin's Case*; in other words, the exemption from the rule of law declared in that case is peculiar to the defendant. There may be other clubs that have special charters granted by the Legislature with a like provision, but they are in the same category with the defendant as to the special privilege and the suspension of the general law. Of such charters we have no judicial knowledge, and, if there are such, that fact would not change the rules of construction adverted to. It is our opinion that that part of the defendant's charter respecting the disposition of liquor to its members not constituting a sale is clearly obnoxious to the twenty-third section of article 4 of the Constitution of 1875, and the court properly sustained the demurrer to the plea setting it up as a defense.

It is unnecessary to discuss other points made by the demurrer as to the constitutionality of the act. There are other special pleas to which demurrer was sustained, but neither of them presents any matter in defense which, if good, might not have been proved under the plea of not guilty, which was interposed, and on which the case was tried. Indeed, the matter set up in the second plea, which we have discussed at length, might have been brought forward under the plea of the general issue, and its sufficiency tested by objection to the evidence; but we have treated the demurrer to that plea because it presented the same question that would have been presented by objections to the act, and as a matter of convenience. We give no further consideration to the special pleas.

The next question presented by the record relates to the action of the court in requiring the state's witness

[Beauvoir Club v. The State.]

Jackson to testify in regard to sales of liquor by others than himself, notwithstanding the witness claimed the privilege not to testify. If it be conceded that the matters about which the witness claimed the privilege not to testify were incriminating, yet we think the ruling of the court cannot be presented here for review by the defendant. It is undoubtedly the law that a witness cannot be compelled to answer any question the answer to which would tend to incriminate him, or would constitute a necessary link in the chain of testimony sufficient to convict him of a criminal offense.—*Ex parte Boscowitz*, 84 Ala. 463, 4 South. 279, 5 Am. St. Rep. 384; *Alston's Case*, 109 Ala. 51, 20 South. 81. But the privilege is personal to the witness, and cannot be claimed for him by a party to the suit ( Elliott on Ev. § 1007; 30 Am. & Eng. Ency. p. 1165) ; and when it is claimed by the witness, and the court rules the witness must answer, and he does answer without further protest from him, notwithstanding the defendant objects and excepts to the court's ruling, the evidence is not illegal as to the defendant, and he cannot review the action of the court here. The witness might have persisted in his refusal to answer, and, if held in contempt, he (the witness) might present the action of the court for review by certiorari, as was done in the *Boscowitz Case, supra.*

On the undisputed evidence in the case, it results, from what we have said and the conclusions reached and announced in reference to the law of the case, that the defendant was guilty as charged. Consequently the court properly gave the general affirmative charge with hypothesis for the state, and committed no error in refusing the affirmative charge requested by the defendant.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.