## HUDSON et al. v. UNITED STATES.

### No. 13806.

United States Court of Appeals
Fifth Circuit.

June 24, 1952.

846

J. Hubert Farmer, Dothan, Ala. for appellants.

Ben Hardeman, Asst. U. S. Atty., E. Burns Parker, U. S. Atty., Montgomery, Ala., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

PER CURIAM.

Proceeding by libel of information under Sec. 3116 and 3321 of the Internal Revenue Code, 26 U.S.C.A. §§ 3116, 3321, the United States sought forfeiture of a 1950 model Ford Coach on charges that on March 1, 1951, it was used in the removal, deposit, concealment, and sale of 50 gallons of non-tax-paid distilled spirits.

The claimants having filed their claim and answer denying the charges of the libel, a trial of the issues joined resulted in findings of fact and conclusions of law sustaining the claim of the libel and adjudging forfeiture accordingly.

Claimants, appealing from the judgment and seeking its reversal, assign two grounds of error. The first is that the evidence was insufficient to support the judgment. The second is that the evidence mainly relied on was incriminating evidence extorted from the witness Elbert Johnson by compulsion after he had claimed his constitutional privilege against self incrimination, and the judgment should, therefore, be reversed as based on illegally obtained evidence.

We cannot agree with appellant. We think it clear that there was ample evidence unless, under the appellants' second point, the evidence of Elbert Johnson is excluded. As to this point, we are of the clear opinion that if Elbert Johnson were here complaining of the action of the court in compelling him to testify, we should be obliged to sustain his complaint. We are, however, of the equally clear opinion that appellant cannot predicate error on the compulsion.

The difference between the position of the appellant and that of the witness in respect of the deprivation of his privilege is clearly and correctly set out in Beauvoir Club v. State, 148 Ala. 643, 42 So. 1040, 1043.[1]

No reversible error appearing, the judgment is

Affirmed.

---

1. "The next question presented by the record relates to the action of the court in requiring the state's witness Jackson to testify in regard to sales of liquor by others than himself, notwithstanding the witness claimed the privilege not to testify. If it be conceded that the matters about which the witness claimed the privilege not to testify were incriminating, yet we think the ruling of the court cannot be presented here for review by the defendant. It is undoubtedly the law that a witness cannot be compelled to answer any question the answer to which would tend to incriminate him, or would constitute a necessary link in the chain of testimony sufficient to convict him of a criminal offense. Ex parte Boscowitz, 84 Ala. 463, 4 So. 279, 5 Am.St. Rep. 384; Alston's Case [Alston v. State], 109 Ala. 51, 20 So. 81. But the privilege is personal to the witness, and cannot be claimed for him by a party to the suit (2 Elliot on Ev. § 1007; 30 Am. & Eng. Ency. p. 1165); and when it is claimed by the witness, and the court rules the witness must answer, and he does answer without further protest by him, notwithstanding the defendant objects and excepts to the court's ruling, the evidence is not illegal as to the defendant, and he cannot review the action of the court here. The witness might have persisted in his refusal to answer, and, if held in contempt, he (the witness) might present the action of the court for review by certiorari, as was done in the Boscowitz Case, supra."