(116 So. 158)

### RITTER v. GIBSON. (8 Div. 14.)

Supreme Court of Alabama. March 22, 1928.

1. Appeal and error ⚹⟹1056(1)—Sustaining plaintiff's objection to defendant's questions to eyewitness as to whether defendant had automobile under control when he injured plaintiff held not prejudicial.

In action for injuries sustained in collision on highway between defendant's automobile and plaintiff's mule, in which accident mule was killed and plaintiff injured, court's sustaining plaintiff's objection to defendant's questions to an eyewitness as to whether defendant had his automobile under control when he passed and injured plaintiff *held* not prejudicial, as answers would have been but inferences properly for jury, and counsel could have elicited facts by other questions.

2. Appeal and error ⚹⟹1050(1)—Permitting questions calling for conclusions held harmless, where information evoked was already possessed by jury.

Court's permitting questions to be asked and answers thereto to be given, where the questions invoked information relative to witness' conclusions and not as to facts upon which such conclusions were based, *held* harmless error, where information so evoked was already possessed by jury.

3. New trial ⚹⟹29—Improper remark of counsel relative to adversary's attorneys held not so grossly improper or highly prejudicial as to require new trial.

Remarks of counsel, in argument, relative to adversary's attorneys, that, "when a man goes and gets (naming attorneys) he's got a bad case," though improper, *held* not so grossly improper or highly prejudicial as to require a new trial.

4. Trial ⚹⟹253(4)—Refusing charges taking no account of negligence alleged in driver's running automobile too close to mule, resulting in killing mule and injuring owner, held proper.

Court's refusing to give charges, in action for damages, which took no account of the negligence alleged in driver's running his automobile too close to plaintiff's mule on the highway, resulting in killing mule and injuring plaintiff, *held* proper.

---

⚹⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Automobiles ⊜⇒245(20)—Negligence in driving automobile within 12 to 18 inches of mule on highway, resulting in killing mule and injuring plaintiff, held for jury.**

Defendant's negligence in driving his automobile within 12 to 18 inches of plaintiff's mule on the highway, resulting in killing mule and injuring plaintiff, *held* for jury.

**6. Appeal and error ⊜⇒197(1)—Variance, to be relied on for reversal, must have been brought to court's attention by objection to evidence (Circuit court rule 34).**

Variance, to be relied on for reversal, must have been brought to the attention of the court, pursuant to circuit court rule 34, by an objection to the evidence.

**7. Appeal and error ⊜⇒1064(1)—Court's writing on charges reasons for refusal held not prejudicial (Code 1923, § 9509).**

Court's writing on the charges, on his refusal to give them, the reasons for such refusal, though a supererogation, *held* not prejudicial under Code 1923, § 9509, making it the duty of the judge to write "Given" or "Refused" on charges requested.

**8. Trial ⊜⇒241—Court's not following exact statutory language when reading given charges to jury held not error (Code 1923, § 9509).**

Trial court's not following precisely the language which Code of 1923, § 9509, places in the mouth of the trial judge, when reading given charges to the jury, *held* not error.

**9. Automobiles ⊜⇒238(6)—Complaint held to allege with sufficient certainty time, place, and manner in which defendant breached duty resulting in injury by automobile.**

In action for damages by one whose mule had been killed on the highway and plaintiff himself injured as result of defendant's negligence in driving his automobile, complaint *held* sufficiently to allege where, wherein, and when defendant breached his duty, resulting in the injury.

**10. Pleading ⊜⇒193(6)—Complaint alleging automobile driver struck and killed plaintiff's mule and injured plaintiff held not demurrable as alleging two separate and distinct causes of action in one count.**

Complaint alleging automobile driver struck and killed plaintiff's mule on the highway and injured plaintiff *held* not demurrable as alleging two separate and distinct causes of action in one count.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

Action for damages by Johnnie Gibson against Lando Ritter. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The complaint is as follows:

"Complaint.

"Plaintiff claims of the defendant the sum of $500 damages for this, that on, to wit, June 1, 1926, while plaintiff was traveling on one of the public highways of Lauderdale county, Ala., to wit, the Lee highway, the defendant negligently operated an automobile truck on said highway and negligently ran over plaintiff while plaintiff was riding a mule on said highway, and by reason of said negligence struck plaintiff's mule and knocked plaintiff down, and, as a result of said negligent driving on the part of defendant, plaintiff's mule was killed, and he suffered great pain, and was put to great expense in the way of large sums of money for doctor bills for treatment for his said injury, all of which was the proximate result of defendant's negligence, hence this suit."

The demurrer is as follows:

"(1) Said complaint does not apprise this defendant with sufficient certainty where and wherein he breached a duty owing to plaintiff.

"(2) For aught that appears to the contrary, plaintiff was himself a trespasser at the time and place of the alleged collision, and that the defendant owed him no duty other than to refrain from injuring him knowingly.

"(3) For aught that appears to the contrary, plaintiff was himself a licensee at the time and place of the alleged collision, and that defendant owed him no duty other than to use reasonable care to avoid injury after discovering him in a position of danger.

"(4) It is not alleged in the complaint with sufficient certainty what duty owing the plaintiff the defendant breached if any at the time and place of alleged collision.

"(5) Said complaint is indefinite and uncertain as to the time and place of the alleged negligent acts of the defendant.

"(6) For that the negligence complained of therein is alleged in general terms and as a mere conclusion of the pleader.

"(7) For that said complaint does not show with sufficient certainty what acts of the defendant constitute the negligence complained of.

"(8) Plaintiff has alleged two separate and distinct causes of action in one and the same count."

Bradshaw & Barnett, of Florence, for appellant.

It was error to sustain objection to questions asked witness Stein on cross-examination. 2 Blashfield's Cyc. Auto. Law, 1684; 22 C. J. 535; Tex., etc., R. Co. v. Mortensen, 27 Tex. Civ. App. 106, 66 S. W. 99. It was error to allow plaintiff to interrogate witness Stein as to whether he would have hit plaintiff if he had turned out to the left or if he had stayed on the left. 2 Blashfield, p. 1665; Ala. Power Co. v. Armour & Co., 207 Ala. 15, 92 So. 111; Ala. Power Co. v. Brown, 205 Ala. 167, 87 So. 608; Taylor v. Lewis, 206 Ala. 338, 89 So. 581. The argument of counsel for plaintiff constituted reversible error. Cross v. State, 68 Ala. 476; Flowers v. State, 15 Ala. App. 220, 73 So. 126; Hardaman v. State, 17 Ala. App. 49, 81 So. 449; Chambers v. State, 17 Ala. App. 178, 84 So. 638; B. R. L. & P. Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037; McDaniel v. State,

'20 Ala. App. 407; 102 So. 788. Charges 1 and 2 should have been given. 29 Cyc. 440; Hester v. Hall, 17 Ala. App. 25, 81 So. 361; Ray v. Brannan, 196 Ala. 113, 72 So. 16; Hertz v. Advertiser Co., 201 Ala. 416, 78 So. 794, L. R. A. 1918F, 137; Salter v. Carlisle, 206 Ala. 163, 90 So. 283; Huddy on Automobiles (5th Ed.) 622. The verdict and judgment were contrary to the great weight of the evidence; there was a variance between pleading and proof. Smith v. Causey, 28 Ala. 655, 65 Am. Dec. 372; B. R. L. & P. Co. v. Hunnicutt, 3 Ala. App. 448, 57 So. 262; L. & N. v. Cannon, 158 Ala. 453, 48 So. 64. Demurrer to the complaint should have been sustained. H. A. & B. R. Co. v. Dusenberry, 94 Ala. 413, 10 So. 274; Worthington v. Davis, 208 Ala. 600, 94 So. 806; McDougal v. A. G. S., 210 Ala. 207, 97 So. 730. The general charge for defendant should have been given. C. of G. v. Isbell, 198 Ala. 469, 73 So. 648. Charges moved for must be given or refused in the terms in which they are written. Code 1923, § 9509; Hart v. State, 21 Ala. App. 621, 111 So. 47.

James C. Roberts, of Florence, for appellee.

A witness may testify as to what was done and state the facts, and it is for the jury to draw the conclusions. B. R. L. & P. Co. v. Randle, 149 Ala. 539, 43 So. 355; Richardson v. State, 145 Ala. 46, 41 So. 82, 8 Ann. Cas. 108; Ray v. Brannan, 196 Ala. 113, 72 So. 18. There was no error in allowing plaintiff's questions to witness Stein. Hunter v. State, 20 Ala. App. 152, 101 So. 100. The argument of counsel for plaintiff was not improper. L. & N. R. R. Co. v. Sullivan Timber Co., 126 Ala. 95, 27 So. 760. The complaint was sufficient. Birmingham Sou. Ry. Co. v. Lintner, 141 Ala. 420, 38 So. 363, 109 Am. St. Rep. 40, 3 Ann. Cas. 461. The general charge and motion for new trial were properly refused. Birmingham Sou. Ry. Co. v. Lintner, supra.

SAYRE, J. Plaintiff, appellee, was riding his mule along the right outside edge of the road. Defendant was driving his automobile truck in the same direction. The forward end of the truck came into collision with the hind end of the mule, killing the mule and injuring the plaintiff. Hence the judgment here presented for review.

[1] Thomas Stein, a witness for plaintiff, was in the close vicinity of the accident, and testified as to what happened. Defendant reserved exceptions when the court sustained plaintiff's objections to questions as follows: "Did he" (meaning defendant) "have the car under control when he passed Gibson, in your judgment?" and "Did the car appear to get away from him at any time before he struck the mule?" The answers could have been nothing but the inferences drawn by the witness from facts observed, nor was there at any time any contention, nor any evidence

to support a contention, that defendant lost control of the car. In the circumstances, we are unwilling to predicate reversible error of the court's rulings. If defendant considered the matter to be of any importance, he should have asked for the facts observed by the witness and left the proper conclusion to be drawn by the jury. The issue of law presented is different from what it would have been had these questions been put to the driver of the truck. In Ray v. Brannan, 196 Ala. 113, 72 So. 16, cited by appellant, quite a different question was raised. In that case, in which plaintiff was injured in an automobile accident, it was ruled that the witness should have been allowed to state that he could not see or estimate defendant's position on a cross street when he first saw him coming. Whatever may be said of that ruling, it does not support appellant's contention in this case.

[2] The court allowed plaintiff to interrogate the witness Stein as follows: "If Lando Ritter had turned to the left and given Gibson as much as half of the road or less, he would not have hit him, would he?" and "If he had stayed on the left-hand side in passing him, and given Gibson half of the right, he would not have hit him?" It can only be said, in justification of these rulings, that, looking to the case as a whole, it is obvious that the witness' negative answers did no harm because the conclusions sought were self-evident and their statement by the witness added nothing to the case one way or the other; in other words, the answers sought evoked information which was already in possession of the jury, for the undisputed evidence was that the roadway was 18 to 20 feet wide.

[3] The statement made in argument by plaintiff's attorney that, "when a man goes and gets George Barnett and Henry Jones both (defendant's attorneys), he's got a bad case," was improper; but defendant's objection thereto, viz., that it was a statement of fact not shown by the evidence was not well taken, for counsel have a right to draw inferences of law and fact as they may be advised, within reason, and the statement of counsel was a mere inference. The remark was not entirely proper, as we have said, but was not so "grossly" improper or highly prejudicial as to warrant a reversal on the court's ruling. L. & N. R. Co. v. Sullivan Timber Co., 126 Ala. 95, 27 So. 760.

[4, 5] Charge No. 1, refused to defendant, was properly so refused. The charge takes no account of the negligence alleged—and proved, as the jury may have found—in driving the truck too close to the mule, 12 to 18 inches as the evidence went to show. Knowing a mule, as we may assume defendant did, it was well within the province of the jury to find that due care for the safety of the mule and its rider would have suggested to him (the driver) that the truck be

not driven so close—this in view of the evidence which went to show that the mule was on the outer verge of the roadway when defendant, having abundant room to do so, might have avoided the likelihood of a mishap to plaintiff by veering somewhat to the left, which he failed to do. Without taking issue with the decision of the Court of Appeals in Hester v. Hall, 17 Ala. App. 25, 81 So. 361, we state our opinion that this case differs materially from that.

Charge 2 was well refused to defendant; unless the "whirling of the mule" may have been attributable to negligence on the part of plaintiff, it should not have been allowed to have the effect of depriving plaintiff of a recovery on account of the damage wrought by the negligence of defendant. If the "whirling of the mule" should have been provided against by defendant within the bounds of the reasonable care suggested by the situation in which the parties found themselves, the plaintiff was entitled to recover even though the "whirling of the mule" contributed to the result.

[6] The motion for a new trial was overruled without error. The complaint alleged that defendant ran over plaintiff, struck plaintiff's mule, and knocked plaintiff down. It is insisted that the evidence did not sustain the allegation the defendant ran over plaintiff—that there was a variance. Defendant ran his autotruck against plaintiff's mule. The mule was killed outright. Plaintiff was thrown unconscious to the roadway, and bruised and injured so that he required the attendance of a surgeon for a week or thereabouts. If defendant relied on a variance, it should have been brought to the attention of the court by an objection to the evidence. Circuit court rule 34.

[7] When refusing the charges to which reference has heretofore been made, the court wrote upon the charges the reasons for their refusal. Defendant appellant refers to the statute (section 9509 of the Code of 1923), and insists that the trial court violated the statute by writing more than "given" or "refused" on these charges, and therefore that his motion for a new trial, based upon this ground among others, should have been granted. The court indulged a work of supererogation, but we are wholly unable to see how that action operated prejudicially to defendant in this or the trial court.

[8] It is further insisted that the trial court also violated that provision of section 9509, in that the court did not follow precisely the language which the section places in the mouth of the trial judge when reading given charges to the jury. There is no complaint that the trial judge did not speak "in a clear and audible voice" as the statute requires, but merely that he did not follow the form provided by the statute. Our judgment is that the form laid out in the section is nothing but a form, and that, when the trial court instructs the jury in every essential particular as the statute prescribes, no error results. This the trial court did.

[9, 10] The demurrer to the complaint was properly overruled. Smith v. Clemmons, 216 Ala. 52, 112 So. 442.

There was no error in the court's refusal of the general charge requested by defendant nor in the overruling of the motion for a new trial on that ground.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.