93 So.2d 925

**Birdette TARRANT**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 417.**

Court of Appeals of Alabama.

March 26, 1957.

Huey & Hawkins, Birmingham, for appellant.

J. Reese Johnston, Jr., and Wm. C. Walker, Birmingham, for appellee.

HARWOOD, Presiding Judge.

From his conviction in the Recorders Court of the City of Birmingham this appellant was again found guilty on his appeal to the Circuit Court of Jefferson County.

The complaint on which he was tried in the circuit court charged that the appellant, within the City of Birmingham, "did sell liquor on September 10, 1954, without a liquor license issued by the Alabama Alcoholic Beverage Control Board contrary to and in violation of Section 693 of the General City Code of Birmingham, Alabama, of 1944."

The agreed statement of fact shows that C. V. Coggins, a police officer of the City of Birmingham, was a member of the CAVU Club of the City of Birmingham. On 10 September 1954 he bought a half pint of Calvert whiskey from the appellant, paying $2 therefor. The appellant was President and General Manager of the club.

Neither the appellant nor the CAVU Club has a liquor license of any sort.

The appellant also introduced into evidence the Articles of Incorporation of the CAVU Club, of which Article VII provides that the said club is organized for non pecuniary purposes exclusively.

Section 693 of the General City Code of the City of Birmingham provides:

"It shall be unlawful for any person other than a liquor licensee or a state liquor store to sell or offer for sale or have in possession or custody for sale, or to serve or dispense for reward or have in possession or custody for serving or dispensing for reward, any liquor or wine at any place in the city."

Section 692 of the same code defines the term "liquor licensee" to mean a person licensed by the Alabama Alcoholic Beverage Control Board to sell or serve liquor to consumers.

In the proceedings below the appellant filed a motion to exclude the evidence, and after conviction, a motion for a new trial. Each of said motions was denied.

In this appeal some twelve assignments of error were filed. All assignments are directed toward the single question of whether a private social club, which dispenses liquor to its members and their guests, must first obtain a license from the Alabama Alcoholic Beverage Control Board, or else be deemed guilty of violating Section 693, supra.

Counsel for appellant argues that the facts of this case place it within the doctrine of Manassas Club v. City of Mobile, 121 Ala. 561, 25 So. 628, and that such doctrine compels a reversal of the judgment.

We do not think the doctrine of the Manassas Club case applicable in the present case for these reasons.

In the Manassas Club case the defendant had been convicted for failing to obtain a license required by a Mobile City ordinance of "clubs and social circles where liquors are sold to members, guests and visitors."

The court specifically found that the ordinance was not a police regulation of liquor dealers, but purported to impose a license tax for the carrying on of a business, and related only to revenue. The court then concluded that since The Manassas Club was a social non profit organization it was not within the meaning of enactments requiring a license for the carrying on of a business.

The court was careful however to state in its opinion:

"We would not be understood as departing from the decision in Martin v. State, 59 Ala. 34, where such transactions in a club were held to be sales; nor is this decision authority upon any case which may arise under police regulations of liquor selling, made either by statute or ordinance."

■ Traffic in intoxicating beverages is universally recognized as a proper subject for police regulation, and a transaction whereby an incorporated social club sells alcoholic beverages to one of its members is a sale technically, and is within the meaning of a statute prohibiting the sale of vinous, spiritous, or malt liquors without a license. Beauvoir Club v. State, 148 Ala. 643, 42 So. 1040.

■ Section 2, Title 29, Code of Alabama 1940, specifically provides that the provisions of Chapter 1, Sections 1–78, Title 29, Code of Alabama 1940 (Alcoholic Beverage Control Board), shall be deemed an exercise of the police power of the State of Alabama, for the protection of the public welfare, health, morals, and peace of the people of the State.

Section 13 of said Chapter permits the board to issue licenses to hotels, clubs, and restaurants in municipalities only with the consent of governing authority of the municipality, and further subject to regulations promulgated by the board.

This provision of course tends to place licenses for the sale of alcoholic beverages in the hands of organizations which have complied with the regulations of the board, and have been approved by the governing body of the municipality.

■ Section 693 of the City Code of Birmingham merely makes prerequisite to a lawful sale of liquor the obtaining of a license from the Alabama Alcoholic Beverage Control Board, to this extent attempting to limit the sales of alcoholic beverages to those persons found qualified by the board to deal in such beverages. It is clearly in this aspect a police regulation. Contrariwise, it cannot be deemed a revenue measure, since no revenue or income inures to the City of Birmingham by its operation.

The facts show conclusively that this appellant is guilty of violating Section 693 of the Birmingham City Code, as charged. This judgment is therefore ordered affirmed.

Affirmed.