94 So.2d 767

**Aleck T. GULAS**

v.

**CITY OF BIRMINGHAM.**

6 Div. 415.

Court of Appeals of Alabama.

April 23, 1957.

Keener & Keener, Centre, for appellant. John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

Huey & Hawkins, Birmingham, for appellant.

J. Reese Johnston, Jr., Birmingham, for appellee.

PRICE, Judge.

Appellant was first convicted in the Recorder's Court of the City of Birmingham for a violation of an ordinance of that city, towit: Section 700 of the General City Code of Birmingham, Alabama, of 1944, as amended, which reads as follows:

"Section 700. Drinking in Public.

"It shall be unlawful for any person to drink, or have in open or unconcealed possession or custody for drinking, any liquor, or wine, at or in any public place in the city other than a licensed liquor place, and it shall be unlawful for any person to drink, or have in open or unconcealed possession or custody for drinking, any malt beverage or brewed beverage at or in any public place in the city other than a licensed beer place or a licensed liquor place, and it shall be unlawful for any person to drink, or have in open or unconcealed possession or custody for drinking, any liquor, wine, malt beverage or brewed beverage at or in any licensed liquor or licensed beer place in the city at any time on Sunday or Christmas Day, or between one o'clock A.M. of any secular day and nine o'clock, A.M. of the same secular day, or between the beginning of any day in which an election is being conducted in the city and the time of day fixed by law for the closing of the election polls in the city."

On appeal from this conviction to the circuit court he was tried by the court without a jury, was again convicted and assessed a fine of $25. Defendant appeals.

In the circuit court the case was presented on the following agreed statement of facts:

"The witness, Police Sergeant M. H. House having been duly sworn, testified as follows for the City of Birmingham:

"My name is M. H. House and I am employed by the City of Birmingham as a police officer. As a police officer I went to the Key Klub located at No. 29 4th Avenue North, Birmingham, Alabama, which is in the City limits of Birmingham, Alabama on the 8th day of January, 1956 about 9 o'clock P.M. the 8th day of January, 1956 was a Sunday. I went into the Key Klub with a member of the Klub. After entering the Klub I saw the defendant, Aleck T. Gulas, a member of the Klub drink from a glass. It is agreed by the parties that what the defendant drank from the glass was liquor as defined by Section 1 of Title 29, Code of Alabama of 1940, and that the liquor had been purchased by the defendant from a liquor store operated by the Alabama Alcoholic Beverage Control Board. There were several other members of the Key Klub present at that time.

"The defendant, Aleck T. Gulas testified in his own behalf as follows: The Key Klub is a private social club, duly and legally incorporated under Article 5 of Title 10 of the 1940 Code of Alabama as a non-profit social club with its location in Birmingham, Alabama. A copy of the Constitution is introduced and marked 'Defendant Exhibit A.' That neither the defendant nor the Key Klub, nor any officer, member or employee, have been granted a liquor license."

It is shown by the Constitution of the "Key Klub," in evidence as defendant's Exhibit "A," that the Club was organized as a non-profit social and literary club. The Constitution provides that the Club and its facilities shall be enjoyed by the members and their guests, who may indulge in dancing and other lawful social pastimes. Food and refreshments may be served the members and their guests upon the Club premises. Membership dues of not more than $10 annually were assessed. Corporate authority was exercised by a board of control consisting of the Club officers. The name and post office address of each member was listed.

The fact of the drinking being admitted, but one question is presented, and that is, was the Club room in question a public place?

In 35 Words & Phrases, pocket part, "public place" is defined as "any place that the public is invited or permitted to go or congregate; a place openly and notoriously public; a place of common resort; a place where the public has a right to go and be; a place which is in point of fact public, as distinguished from private, or one that is visited by many persons and usually accessible to the neighboring public, [citing] People v. Simcox, 379 Ill. 347, 40 N.E.2d 525, 526."

In Smith v. State, 52 Ala. 384, the court defined "public place" as used in the statute prohibiting gaming in a "public place" to mean any house to which all who wish can go, night or day, and indulge in gaming.

"Public place" is said to be a relative term. What is a public place for one purpose may not be for another. In Thrasher v. State, 168 Ala. 130, 53 So. 256, the court collected and reviewed several earlier cases involving this question.

We have found no Alabama case upon the exact point before us.

In Tooke v. State, 4 Ga.App. 495, 61 S. E. 917, 922, in exemplifying the definition of a "public place" within the meaning of a statute pertaining to possessing or disposing of prohibited liquors at any "public place," the court gave several examples. This statement appears in the opinion:

"The rooms of bona fide private clubs of select and discriminate membership, to which only members and specially invited guests are permitted access, are prima facie not public. If the membership of the club is organized upon an indiscriminate basis, or admits guests to its rooms otherwise than upon special invitation, * * * it is a public place while persons are congregated there. Goldstein v. State, Tex.Cr.App., 35 S.W. 289; Grant v. State, 33 Tex.Cr.R. 527, 27 S.W. 127."

In Koenig v. State, 33 Tex.Cr.R. 367, 26 S.W. 835, 836, the court held that "Turner Hall," occupied by the "Cuero German Turnverein," was not a "public place" within the purview of a statute prohibiting card playing at a public place where spirituous liquors were sold. "Cuero German Turnverein" was a private corporation oganized, among other reasons, to encourage social and friendly intercourse and to diffuse knowledge of literature, arts and sciences. Admission to the Club activities was by membership only. However, non-resident guests were permitted. A membership fee and monthly dues were assessed. "Turner Hall" was operated for the Club by a director elected by members. The court said: "None but members and their guests could enter there, or share its privileges. So long as this rule was enforced, it was not public, and the evidence shows that the

rule was strictly observed." See also State v. Duke, 104 Tex. 355, 137 S.W. 654.

■ We find no merit in the city's argument that since there is no provision in Article 5 of Title 10, Code, nor in the Key Klub's Constitution, expressly excluding the general public that the public would have every right and opportunity to frequent the Club, thus making the club room a "public place."

Moreover, "Every case must of necessity be determined by consideration of the particular facts and circumstances involved." Harrington v. State ex rel. Van Hayes, 200 Ala. 480, 76 So. 422, 424.

■ The stipulated facts show only that, "There were several other members of the Key Club present at that time."

We conclude that under the facts presented the club room was not, on the occasion involved, a "public place," and the defendant was not guilty of a violation of the ordinance.

The motion to exclude the evidence should have been granted, and failing in this, the defendant was entitled to a new trial.

The judgment is reversed and the cause remanded.

Reversed and remanded.