325 So.2d 926

**Robert Fleming WILKINS**

v.

**STATE.**

**1 Div. 561.**

Court of Criminal Appeals of Alabama.

Dec. 16, 1975.

Rehearing Denied Jan. 20, 1976.

Thomas M. Haas, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Rosa G. Hamlett, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Wilkins, convicted of voluntary manslaughter[1] appeals from a judgment based on a jury verdict which also fixed punishment at four years imprisonment.

Wilkins shot John Roush with a pistol. The wound was fatal. The place was in a private club[2] which had, past the bar, a pool table. Roush was annoying two pool-sharks. Wilkins, who was a quondam, ad hoc or part time bouncer, remonstrated with Roush and in the course of the ensuing confrontation shot him once. The shot caused his death.

Self defense was raised. One defense witness saw a large knife-like "industrial tool" lying beside the deceased.

■ The trial judge charged on the law of self defense. No exception was taken to his oral instruction. Hence, it became, along with the given written charges, the law of the case. Code 1940, T. 7, § 273. See the footnote to concurring opinion of Rehnquist, J., in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508.

■ An *omission* from (or gap in) the oral charge and the given written charges is reviewable on appeal only in the light of and from the text of the written charges submitted to the judge and refused by him. § 273, supra. We do not ex mero motu review instructions to the jury. *Smith v. State,* 53 Ala.App. 657, 303 So.2d 157(5).

■ Wilkins submitted the following charge (No. 7) which reads:

"The court charges the Jury, that where the defendant introduces evidence of self defense to justify the killing of deceased, the burden is upon the State to prove beyond a reasonable doubt that the killing was not in self defense, and unless the State has done so in this case, you must find the defendant not guilty."

■ This instruction is too broad as to the burden on the State. When the defendant produces proof from which it is inferable that an admitted slaying arose from the necessity of self preservation (ordinarily in peril of life or limb and without means of escape), the State may counter with proof (which to persuade must convince beyond a reasonable doubt) that the killer created the necessity.

Ordinarily, the State's burden to thwart self defense is expressed as a negative, e. g., "showing that he was not free from fault in bringing on the difficulty * * *." See Charge 10 in *Smith v. State,* 183 Ala. 10, 62 So. 864; for a succinct approved charge see *James v. State,* 167 Ala. 14 (hn. 4), 52 So. 840. Proving a negative is not novel. *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508.

There was no error in refusing Charge 7, supra. This point is the only claim of error in appellant's brief.

We have examined the whole record under Code 1940, T. 15, § 389 and conclude the judgment below is to be

Affirmed.

All the Judges concur.

1. Code 1940, T. 14, §§ 320 and 322.

2. See *Tarrant v. City of Birmingham,* 39 Ala. App. 55, 93 So.2d 925; *Gulas v. City of Birmingham,* 39 Ala.App. 86, 94 So.2d 767 and *Hare v. City of Birmingham,* 39 Ala. App. 89, 94 So.2d 769.