LEIGH M. CLARK, Retired Circuit Judge.
The only issue expressly presented by appellant is whether the trial court committed reversible error in failing to state to the jury, in reading defendant’s given written charges, that they were “correct statements of the law to be taken by you in connection with what has already been said to you,” as provided by Code of Alabama 1975, § 12-16-13. Appellant was convicted of robbery and sentenced to imprisonment for fifty years.
In reading the charges to the jury, the court did not identify them as charges given by the court “at the request of the . defendant,” which is also provided by the cited section of the Code. At the conclusion of the court’s oral charge, which included its reading to the jury the written charges given at the request of defendant, the following occurred:
“MR. MARTIN [Attorney for the State]: Your Honor, I just want you to tell the jury that those slips of paper that you read are requested charges of the Defendant.
“THE COURT: All right.
“Ladies and Gentlemen, these charges that I read to you from this slip of paper were charges that were requested by the Defendant.
“Satisfied, Gentlemen?
“MR. MARTIN: Yes, sir, Your Honor.
“MR. CUNNINGHAM [Attorney for Defendant]: Defendant is satisfied.
“THE COURT: Ladies and Gentlemen, you will now retire with the Bailiff to start your deliberations to reach a verdict in this case.”
The language of the statute on the subject is clear and should be followed,[1] substantially at least. Higdon v. State, Ala.Cr.App., 367 So.2d 991, 994-995 (1979); Ritter v. Gibson, 217 Ala. 304, 307, 116 So. 158, 160 (1928); Jordan v. State, 17 Ala.App. 575, 87 So. 433 (1920).
The language of the statute was not substantially followed in the instant case. Even so, the failure to raise the particular point in the trial court precludes a reversal of the judgment. Referring to the predecessor of the cited section of the Code, it was held in Powell v. State, 51 Ala.App., 398, 399, 286 So.2d 73, 74, cert. denied, 291 Ala. 796, 286 So.2d 75:
“This statute must be substantially complied with, but absent some action on the part of appellant in bringing the omission to the attention of the trial court and invoking a ruling thereon, this Court will assume that it was waived by the defendant. Gurry v. State, 23 Ala.App. 140, 122 So. 303.”
A fortiori, this is true when, as here, satisfaction with the court’s charge was affirmatively shown.
*406 The victim of the alleged robbery testified that about 8:00 P.M. March 10, 1979, as he was carrying a paper sack with a bank deposit bag in it containing four hundred twenty dollars, plus some checks, a man pointed a single barrel shotgun at him and told him to drop the sack. He said he did not see the robber’s face but that he “recognized the voice as being the Defendant, Yul Devoe Guiee.” He said he had known defendant in high school, that defendant lived within two blocks of the store that the victim managed and that defendant had been coming to the store every day for the preceding several months. There was some alibi testimony on behalf of defendant. Defendant did not testify. Notwithstanding any weaknesses in the evidence as claimed by appellant, a jury issue was presented. There is no contention on appeal to the contrary.
There is no error in the record. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.

. In criminal cases. See Code commissioner’s note after § 12-16-13: “This section is superseded by A.R.C.P., Rule 51, as to civil proceedings, but has been retained for possible applicability in criminal or probate proceedings.”