Eddie George was convicted of "receiving stolen property in the second degree" in violation of § 13A-8-18, Code of Alabama 1975. After a sentencing hearing, he was sentenced by the trial court to eighteen years' imprisonment, pursuant to the Alabama Habitual Felony Offender Act. See George v. State, 54 Ala. App. 90, 304 So.2d 908 (1974).
Appellant's motions to "exclude the state's case" and for a "new trial" based on the insufficiency of the evidence against him were duly denied by the trial court.
Shortly before noon on October 6, 1980, several men traveling in a "white over brown" Cadillac stole some merchandise from a delivery truck belonging to the R.D. Burnett Cigar Company, Inc. The stolen merchandise (cigarettes, snuff, candy, gum, etc.) had a wholesale value of approximately two-hundred fifty dollars. About 15 minutes later Officer Jan Snider of the Birmingham Police Department, responding to the police bulletin concerning this theft, located the "white over brown" Cadillac approximately seven blocks from the site of the theft. At that time the automobile was parked and the stolen merchandise was on the front seat and front floor board.
Officer Snider testified that the appellant was sitting in the driver's seat of the vehicle, next to the stolen goods. It was undisputed at trial that the vehicle belonged to the appellant.
Contrary to Officer Snider's testimony, the appellant's evidence tended to show that appellant was elsewhere at the time of the theft and arrived at the scene of his arrest shortly before Officer Snider, and only after he had learned that his car had been stolen and had begun to search for it. Appellant did not testify in his behalf, but his alibi witnesses testified that appellant was not inside his vehicle when Officer Snider arrived. However, most of the remainder of the testimonies from these alibi witnesses was confusing and, in fact, inconsistent as to appellant's whereabouts at the time of the theft. All of the alibi witnesses were either good friends or relatives of the appellant.
 I
Appellant first contends that the trial court erred in denying his motion to exclude and his motion for a new trial on his claim of insufficient evidence. Appellant argues that there was no evidence that he knew the merchandise was stolen or that he did not intend to return it to the owner.
 A
The evidence was undisputed, however, that the recently stolen merchandise was recovered from the appellant's vehicle and that appellant was present at that time. Although appellant produced witnesses who related somewhat different versions of the events, the arresting officer testified that appellant was seated behind the steering wheel of this vehicle, right next to the stolen merchandise, when the arrest was made. *Page 478 
This evidence that appellant had the recently stolen merchandise in his possession, if believed by the jury, was sufficient to trigger the presumption that appellant knew the merchandise had been stolen. Section 13A-8-16 (b)(2), Code of Alabama 1975; Character v. State, 51 Ala. App. 589,287 So.2d 916, cert. denied, 291 Ala. 775, 287 So.2d 919 (1973) and cases therein cited; Stamps v. State, 380 So.2d 406 (Ala.Cr.App. 1980); Goodman v. State, 401 So.2d 208 (Ala.Cr.App.), cert. denied, 401 So.2d 213 (Ala. 1981), and cases therein cited. Appellant brought out on cross-examination of a state's witness that the merchandise was inside boxes which were not labeled and, therefore, that it was not obvious that such was stolen. This was the only fact offered in rebuttal to the "presumption of knowledge" and thus had little weight with the jury since it was also disclosed that the unlabeled boxes were never sealed and, consequently, the stolen merchandise therein could have been easily discovered.
The evidence, therefore, raised a question of fact for the jury whose determination on such evidence will not be disturbed on appeal. Perry v. State, 371 So.2d 969 (Ala.Cr.App.), cert. denied, 371 So.2d 971 (Ala. 1979); Causey v. State,374 So.2d 406 (Ala.Cr.App.), cert. denied, 374 So.2d 413 (Ala. 1979).
 B
Appellant did not present any testimony to the effect that he intended to restore the stolen merchandise to its rightful owner. His defense was that he knew nothing about the merchandise whatsoever, not that he knew it was stolen and intended to return it. The issue of intent was, likewise, within the province of the jury, and the evidence supports its determination. Saxton v. State, 389 So.2d 541 (Ala.Cr.App. 1980).
 II
Appellant contends, in the alternative, that if his alibis were not persuasive, then the evidence presented by the state will only support a charge of theft and not receiving stolenproperty. Appellant correctly cites the principle that one cannot be convicted of receiving stolen property when the evidence proves that he participated in the theft. Craig v.State, 375 So.2d 1252 (Ala.Cr.App.), cert. denied,375 So.2d 1257 (Ala. 1979); Guerin v. State, 396 So.2d 132 (Ala.Cr.App. 1980), cert. denied, 396 So.2d 136 (Ala. 1981).
However, this principle is inapplicable where, as here, the evidence does not show that the appellant participated in the theft. Craig v. State, supra; Thomas v. State, 389 So.2d 552
(Ala.Cr.App. 1980). "That he may have done so cannot be reasonably doubted, but there is no definite evidence to that effect." Craig v. State, supra.
The indictment charged appellant only with "receiving stolen property." The state's evidence showed that only appellant's automobile was identified at the scene of the theft. There was no proof that appellant participated in the actual "taking" of the merchandise. In fact, appellant's evidence showed that he was elsewhere at the time.
On the other hand there is sufficient evidence to support this conviction for "receiving stolen property in the second degree," as charged, and we will not disturb same on this appeal. (Authorities herein cited).
For the foregoing reasons, this case is due to be and is affirmed.
AFFIRMED.
HARRIS, P.J., and DeCARLO and BOWEN, JJ., concur. *Page 479