Appellant was tried and convicted of the offense of receiving stolen property in the second degree; sentence, three years. Hence this appeal arises.
Officer Jerry Newton testified that he observed the defendant and two other persons at the fairgrounds in Andalusia on May 18, 1981. He testified that each of the three was carrying a sack, and that he later found three sacks behind a building. He identified three sacks in the courtroom as the ones he found. The sacks were introduced into evidence. During questioning by appellant's counsel, officer Newton testified that he had seen the appellant before around the police department and along the side of the roads picking up bottles and cans. On redirect examination, the witness testified that appellant's reason for being at the police station was because he was under arrest for theft.
 I
The appellant contends the trial court erred in admitting into evidence the three sacks because the State failed to lay a proper predicate for their admission.
Police officer Newton testified that he observed appellant and two others, each carrying one of the three sacks in question. It was evidenced that the items in those sacks were stolen. The stolen items were identified.
A proper predicate was laid for the admission of the sacks into evidence. The sacks were probative demonstrative evidence and were properly admitted.
 II
The appellant contends that the trial court erred in overruling his objection to officer Newton's testimony concerning appellant's previous visit to the police station on the charge of an unrelated theft offense. Appellant contends the officer's statement was highly prejudicial in that it gave the impression to the jury that the appellant had committed other thefts.
The appellant's charge that this evidence was remote in time and had no causal connection to the facts in issue need not be addressed, as the objection came too late, there was no motion to exclude, and no ruling thereon adverse to appellant.
During cross-examination of officer Newton, appellant's counsel asked the following:
 "Q. Okay. Officer Newton, where have you seen Mr. Capps before?
 "A. I've seen him around the police department, along side of the roads picking up bottles and cans. . . ."
Then on redirect examination the following:
 "Q. You say you have seen the Defendant around the police station?
"A. Yes, sir.
"Q. On how many occasions?
"A. Several.
"Q. Do you know what his business was there? *Page 683 
"A. Yes, sir.
"Q. What?
"A. He was under arrest for theft. . . .
"MR. GRISSETT: We object. Irrelevant.
"MR. JOHNSON: He brought this out.
"THE COURT: Yes. Overruled."
There was no further objection made by appellant's counsel. Where the objection comes after the answer and no motion to exclude is requested, an alleged error is waived. Minnifield v.State, 390 So.2d 1146 (Ala.Crim.App. 1980), writ denied, Exparte Minnifield, 390 So.2d 1154 (Ala. 1980). Such was the case here. See also Hicks v. State, 372 So.2d 61 (Ala.Crim.App. 1979); White v. State, 347 So.2d 566 (Ala.Crim.App. 1979).
 III
Appellant contends that his motion to exclude the State's evidence on grounds of insufficiency should have been granted. Appellant contends the motion was properly made when the State rested. The testimony at trial consisted primarily of circumstantial evidence of appellant's guilt of the offense as charged.
Circumstantial evidence is entitled to the same weight as direct evidence, provided it points to the guilt of the accused. Trammell v. State, 377 So.2d 12 (Ala.Crim.App. 1979);Hayes v. State, 395 So.2d 127 (Ala.Crim.App. 1980), cert.denied, Ex parte Hayes, 395 So.2d 150 (Ala. 1981).
In another incidence of receiving stolen property, in the case of George v. State, 410 So.2d 476 (Ala.Crim.App. 1982), this court addressed a similar motion to exclude based on a claim of insufficiency of the evidence. In that case the court stated:
 "This evidence that appellant had the recently stolen merchandise in his possession, if believed by the jury, was sufficient to trigger the presumption that appellant knew the merchandise had been stolen." George, supra, at 478. See also cases cited therein.
If the evidence raises a question of fact for the jury, the jury's determination on such evidence will not be disturbed on appeal. Perry v. State, 371 So.2d 969 (Ala.Crim.App.), cert.denied, 371 So.2d 971 (Ala. 1979).
The testimony of officer Newton that appellant and two others were carrying sacks that contained stolen goods presented a question of fact for the jury.
 IV
Appellant contends that the court erred in failing to charge the jury on receiving stolen property in the third degree, a misdemeanor set out in § 13A-8-19, which prohibits receiving stolen property of a value of less than one hundred dollars.
Appellant states that there was testimony that the total value of items in the three sacks was "approximately" two hundred dollars, and there was vagueness as to the value of the few items identified in the bag as stolen. Appellant contends that the court should have also charged the jury on this lesser included offense.
The record reveals, however, that there was no suggested written charge from appellant that made reference to this lesser included offense. The Ala. Code, § 12-16-13, requires that all charges moved for by any party must be in writing.
 "An omission from (or gap in) the oral charge and the given written charges is reviewable on appeal only in the light of and from the test of the written charges submitted to the judge and refused by him." Watkins v. State, 57 Ala. App. 55, 325 So.2d 926
(Ala.Crim.App. 1975).
Based on the statutes cited above, we find no reversible error preserved for review in this record.
The judgment is therefore affirmed.
AFFIRMED.
All the Judges concur. *Page 684