Wendall Gass and Carlton Weldon were indicted by a DeKalb County Grand Jury for burglary in the third degree, § 13A-7- *Page 1348 
7, Code of Alabama 1975. By agreement of the parties, the two cases were tried together. Both were found guilty of the charged offense, were adjudicated guilty by the trial court, and were sentenced to imprisonment for three years. From such conviction and sentence, both appeal.
The charges against the appellants arise out of the same transaction, and they agreed in open court, during a colloquy between them and the trial court, to be tried together. In answer to the trial court's questions, both appellants indicated that they had discussed the matter of a joint trial with their attorney, and that they were aware that they were entitled to separate trials.
On October 11, 1981, the home of Mrs. Darlene Chapman, near the Shiloh Community in DeKalb County, was entered and some property was missing. Mrs. Chapman left her home at about 5:30 p.m. and was gone about an hour. Upon returning, she noticed, before getting out of her car, that the sliding glass door was open, the den lights were on, the curtains in the windows were opened, and her sewing machine was in the doorway. Since these items were not in that condition when she left her home earlier, she did not go into the home, but instead went to her closest neighbor's home to call for law enforcement assistance.
While Mrs. Chapman was at her neighbor's home, she noticed a "light colored" pickup truck, with its lights out, suspiciously near her home.
DeKalb County Deputy Sheriff Jim Mays responded to the telephone call for assistance. En route to Mrs. Chapman's home, Deputy Mays noticed a two-tone green and white Ford pickup parked on the side of the road with two people inside who "appeared to be asleep or passed out." After observing the scene of the burglary at Mrs. Chapman's home, Deputy Mays returned to the pickup truck he had earlier observed. The truck was found to contain property that Mrs. Chapman identified to be hers, and the occupants of the truck, the appellants, were arrested.
Appellants pleaded not guilty to the charge, claiming as an alibi that they had spent the day underpinning a Dan Wooten's mobile home, located near the scene of the crime. There was testimony that the pickup truck had been used by various people during the day getting materials for the mobile home underpinning project.
Appellant Weldon testified that he last saw the pickup truck around 4:30 p.m. on the day in question. A neighbor of Dan Wooten testified that he saw the pickup truck parked on the side of the road between 5 and 5:30 p.m. One of the co-workers on the underpinning project, Larry Jones, testified that he took the appellants, at about 6:45 p.m., to the pickup truck, which was parked on the side of the road out of gas; he testified that he left both appellants, who were intoxicated, in the truck while he went to get gas. Witness Jones further testified that when he returned with the gas, the truck was gone.
 I
The appellants question the sufficiency of the trial court's oral charge, which is raised for the first time on appeal. The record evidences the fact appellants' attorney announced at the conclusion of the court's oral charge that "We have no exceptions to the charge."
Appellants claim that the court's charge erroneously failed to cover the law as to the appellants' presumption of innocence. The record reveals no written requested jury charges by appellants' attorney concerning the presumption of innocence.
As there was no objection to the charge that would preserve possible error or omission for appellate review, Wilkins v.State, 57 Ala. App. 55, 325 So.2d 926 (1975); Guice v. State,380 So.2d 404 (Ala.Cr.App. 1980), there is nothing preserved for appellate review as to this issue.
 II
Appellants argue that the denial of their motion for acquittal, made at the end of the State's presentation of evidence, was reversible *Page 1349 
error in that the case was based upon circumstantial evidence.
Circumstantial evidence may be used to establish proof of the corpus delicti, and if there is evidence from which its existence may reasonably be inferred, the question of the sufficiency and weight of that evidence must be submitted to the jury. Burlison v. State, 369 So.2d 844 (Ala.Cr.App.), cert.denied, Ex parte Burlison, 369 So.2d 854 (Ala. 1979).
The evidence presented to the jury in this case established that Mrs. Chapman's house had been broken into, and items had been removed therefrom. The appellants were found in unauthorized possession of items stolen from the house, in close proximity in both time and distance to the scene of the burglary. They were the only occupants in a truck which held items taken from the Chapman house. A similar truck had been suspiciously parked on the road leading to the Chapman home and then was seen leaving the home with its lights turned out about fifteen to thirty minutes before appellants were observed by the side of the road in their truck.
Possession of recently stolen goods will support an inference of burglary when there is also proof of a breaking and entering so connected in time as to permit the further inference that the larceny was the product of the breaking and entering.Wildman v. State, 42 Ala. App. 357, 165 So.2d 396 (1963).
We find no error in the trial court's submission of the facts in evidence to the jury, and the denial of appellants' motion for judgment of acquittal was proper.
 III
In his closing argument, the district attorney made a statement, which was objected to by appellants, as follows:
 "MR. IGOU [District Attorney]: Everybody in a case such as this does not speak the truth. I am not suggesting to you who is not speaking the truth, because that's for you to decide and not for me to decide.
 "MR. TAYLOR [Appellants' Attorney]: We're going to object to his statement. It tends to leave the impression that in every case somebody speaks an untruth. We object to that conclusion because we don't think it's either proper, natural, or the law in Alabama that somebody's got to speak an untruth in the case.
 "MR. IGOU: It's certainly not the law, Your Honor. I'll stipulate that.
"THE COURT: I'm going to overrule the objection."
Appellants urge that the statement invaded the province of the jury.
We find that the statement did not invade the province of the jury. The remark was a permissible comment on the credibility of the witnesses, a matter at issue in the case. Payne v.State, 261 Ala. 397, 74 So.2d 630 (1954).
The prosecutor made it clear in his judgment that it was a part of the function of the jury to decide if anyone was not speaking the truth.
Finally, there was no showing by the appellants that the comment was so prejudicial that it would require a reversal by this court, and there was no request for curative instructions.Robinson v. State, 389 So.2d 144 (Ala.Cr.App.), writ denied,389 So.2d 151 (Ala. 1980).
 IV
Appellants argue that the trial court erred in overruling their motion for a new trial. The grounds for the motion were that (1) the two appellants were improperly tried together and (2) there was a newly discovered witness, who appellants claim was unavailable at trial but was now willing to testify.
The first ground is without merit, for the reasons previously noted.
As to the second ground stated, the appellate courts look with disfavor on motions for new trials based on newly discovered evidence, and the decision of the trial court will not be disturbed absent abuse of discretion. McBryar v. State,368 So.2d 568 (Ala.Cr.App. 1979). *Page 1350 
A motion based upon the specific ground of newly discovered evidence must meet certain requirements: (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that the evidence has been discovered since trial;
(3) that it could have not been discovered before trial byexercise of due diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative or impeaching.Bland v. State, 390 So.2d 1098 (Ala.Cr.App. 1980).
We find it clear from the record that the purported newly discovered evidence was, or could have been, discovered before trial, and, for that reason, cannot be termed newly discovered evidence. Sanders v. State, 392 So.2d 1280 (Ala.Cr.App. 1980).
Finding no error herein harmful to the substantial rights of the appellants, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.