HARRIS, Judge.
On October 7,1981, the Cherokee County Grand Jury indicted appellant, Joe Morgan, for theft in the second degree. On May 11, 1983, he was convicted of the offense and was sentenced to fifteen years’ imprisonment in the state penitentiary as a habitual felony offender.
On October 2,1981, Carden Colley picked up his Sears Model 200 12-gauge shotgun from Max Studdard’s gun shop. Colley then locked the gun in his car and left. When he returned to the car an hour and a half later, the gun had been stolen.
Approximately two hours later appellant entered Studdard’s gun shop with the stolen gun and asked the owner for an appraisal of its value. Studdard, having recently cleaned the gun, recognized it and informed the appellant that he thought the gun was stolen.
Appellant’s wife, sister-in-law and son testified that a teenager, Ricky Studdard, had come to their home with the gun and tried to sell it to appellant. They testified that appellant went with Rickey to the gun shop for an appraisal. Ricky Studdard testified that he stole the gun and that he told appellant it was stolen.
Appellant contends on appeal that the State failed to prove a prima facie case of theft in the second degree and that the jury verdict was contrary to the evidence.
It is well established that possession of recently, stolen property raises an inference of guilt sufficient to submit the issue to the jury for consideration, and that the credibility of the defendant’s explanation of the possession of such stolen property is a question for the jury. Bullock v. State, 400 So.2d 937 (Ala.Cr.App.1981), Simas v. State, 410 So.2d 139 (Ala.Cr.App.), cert. denied, 410 So.2d 139 (Ala.1981); Gunaca v. State, 383 So.2d 590 (Ala.Cr.App.1980).
In the case before us the State proved that appellant was found in possession of the stolen firearm two hours after the discovery of its theft, raising the inference that appellant was the thief. Testimony by defense witnesses indicating that Ricky Studdard stole the gun presented a question for the jury. Where the jury has determined a question based on the credibility of evidence tending to establish guilt or innocence this court will not disturb its findings. Collins v. State, 412 So.2d 845 (Ala.Cr.App.1982); George v. State, 410 So.2d 476 (Ala.Cr.App.1982).
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.