**STATE of Minnesota, Respondent,**

v.

**Ronald Louis DeLEGGE, Appellant.**

**No. C4–85–2157.**

Court of Appeals of Minnesota.

July 1, 1986.

Hubert H. Humphrey, III, Minnesota Atty. Gen., Edward P. Starr, St. Paul City Atty., Michael F. Driscoll, Reyne M. Rofuth, Asst. City Attys., St. Paul, for respondent.

Philip G. Villaume, Jay Yunek, St. Paul, for appellant.

Heard, considered and decided by POPO-VICH, C.J., and PARKER and CRIPPEN, JJ.

**OPINION**

POPOVICH, Chief Judge.

Appellant was arrested and convicted for possessing a pistol in a public place or area pursuant to Minn.Stat. § 624.714, subd. 1 (1984). He appeals, claiming he was not in a public place and the police improperly seized the pistol without a warrant. We affirm.

## FACTS

On August 4, 1985, the St. Paul police were called about a domestic dispute in which a .44 magnum pistol was allegedly involved. The call was made by appellant's girlfriend who stated appellant was in his car with the pistol. Three St. Paul police squad cars proceeded to the house, and on arrival officers saw an automobile parked in the driveway. As the officers approached, appellant stepped out of the car. The officers frisked him and asked if he had a gun in his car. When he admitted he did, one of the officers entered the car, looked under the driver's seat, and found a .44 magnum pistol. Appellant was arrested and charged with possession of a pistol without a permit in a motor vehicle in a public area. *See* Minn.Stat. § 624.714, subd. 1 (1984). After a two day trial, appellant was found guilty.

## ISSUES

1. Was appellant in a "public place or public area" under Minn.Stat. § 624.714, subd. 1?

2. Was the officer's warrantless seizure of a weapon in appellant's automobile proper?

## ANALYSIS

1. Minn.Stat. § 624.714, subd. 1 (1984) states in part:

A person * * * who carries, holds or possesses a pistol in a motor vehicle * * in a public place or public area without first having obtained a permit to carry the pistol is guilty of a gross misdemeanor.

No Minnesota case has thoroughly discussed what is a public place or public area under this statute. In *City of St. Paul v. Kekedakis*, 293 Minn. 334, 199 N.W.2d 151 (1972), the defendant was convicted under a St. Paul ordinance for possessing a permitless firearm in a public place when he brandished a .38 caliber revolver at an open gas station. The defendant contended the service station was not a public place within the meaning of the ordinance. The court disagreed, holding "the gasoline service station, open for business when defendant was arrested, was a public place within the meaning of [the law]." *Id.* at 338, 199 N.W.2d at 154.

Both parties rely on *Kekedakis* to support their positions. Appellant contends the key language in the decision was the service station was "open for business" which supports appellant's theory a premises is not a public place unless the owner generally invites the public to enter the property. Respondent contends the *Kekedakis* case shows accessibility, rather than property lines, is the key issue in defining "public place."

Black's Law Dictionary defines "public place" as

A place to which the general public has a right to resort; not necesarily a place devoted solely to the uses of the public, but a place which is in point of fact public rather than private, a place visited by many persons and usually accessible to the neighboring public (*e.g.* a park or public beach). Also, a place in which the public has an interest as affecting the safety, health, morals, and welfare of the community. A place exposed to the public, and where the public gather together or pass to and fro.

Black's Law Dictionary 1107 (5th ed. 1979).

Both parties also rely on this definition to support their arguments. Appellant contends the public has no right to resort to a private driveway and argues a private driveway is not public and is not a place visited by many persons and usually accessible to the neighboring public. Respondent relies on the last sentence in the definition, arguing a private driveway in an urban area is exposed to the public and is an area where the public passes by.

Numerous secondary authorities have discussed application of the term "public place." *See* Annot., 8 A.L.R.3d 930 (1966) (public drunkenness); Annot., 96 A.L.R.3d 692 (1980) (public sexual acts). Cases analyzing the term "public place" recognize it is a relative term and what may be a public place for one purpose may not be a public

place for another purpose. *See Gulas v. City of Birmingham*, 39 Ala.App. 86, 94 So.2d 767, 768 (1957). Because indecent exposure laws are intended to protect innocent people from being exposed to offensive sexual behavior, "public place" in indecent exposure cases has been interpreted broadly to include areas that can easily be seen by pedestrians. *See State v. Vega*, 38 Conn.Sup. 313, 444 A.2d 927, 929 (1982).

The purpose of Minn.Stat. § 624.714, subd. 1 is to protect innocent people from being injured by handguns. The Minnesota Supreme Court stated section 624.714 is intended to "prevent the possession of firearms in places where they are most likely to cause harm in the wrong hands, i.e., in public places where their discharge may injure or kill intended or unintended victims." *State v. Paige*, 256 N.W.2d 298, 303 (Minn.1977).

 Given the purpose of Minn.Stat. § 624.714 we believe the term "public place" should be construed to include private property where a discharged gun could easily result in injury to innocent people who regularly pass close by. Even though the driveway was private property, it was in an urban area only yards from the road and other houses, and was clearly close to areas where people regularly walk. Although the owner of the property may have a legal right to prevent people from trespassing on his driveway, there is little doubt that neighbors, children, delivery persons, and mail carriers regularly walk across the property. A gun discharged from this driveway could seriously injure innocent people who have a right to walk by. We conclude the driveway was a public place or area for the purpose of Minn. Stat. § 624.714, subd. 1.

2. Appellant also contends the seizure of the pistol from his car was illegal and exigent circumstances did not exist because he and the car keys were in custody so the car could not be moved. He argues a search warrant therefore should have been obtained before the vehicle was searched. We disagree.

In *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), the Supreme Court held when a police officer had legitimately stopped an automobile and had probable cause to believe contraband was inside the car, the officer could conduct a warrantless search of all places inside the car where the contraband might legitimately be. *Id.* at 825, 102 S.Ct. at 2173. Here, the police testified they received a call appellant was inside an Oldsmobile parked in the driveway with a .44 magnum in the car. When they arrived, they found appellant as the informant said they would. They asked appellant if he had a gun in the car, and he admitted he did. The police clearly had probable cause to believe contraband was in appellant's car and their search and seizure of the pistol was proper.

## DECISION

Appellant was in a public place or area for purposes of Minn.Stat. § 624.714, subd. 1. The warrantless seizure of appellant's pistol was proper under the circumstances here.

Affirmed.